CHRISTIAN GREEN, State Bar No. 173502
LAW OFFICES OF SAMUEL G. GRADER
1860 Howe Avenue, Suite 350
Sacramento, CA 95825
Telephone: (916)567-6404
Direct Line: (916)567-6426
FAX: 866-903-4464

Attorney for Defendant
NATIONAL MEDICAL SERVICES, INC., D/B/A NMS LABS

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE ELIZABETH CLEVELAND, CYNTHIA DANIELS, LAURA FUJISAWA, CAROLINE HOWE AND TRACEY MOORE,<br><br>Plaintiffs,<br><br>vs.<br><br>COMPASS VISION, INC. AND NATIONAL MEDICAL SERVICES, INC. D/B/A NMS LABS.<br><br>Defendants. | Case No. 3:07cv5642 BZ<br><br>**DEFENDANT NMS LABS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:  March 19, 2008<br>Time:  10:00 a.m.<br>Crtrm: G, 15th Floor<br>Judge: Bernard Zimmerman |

## I.
## INTRODUCTION

Defendant NMS Labs has moved to dismiss Plaintiffs' Amended Complaint for failure to state a viable cause of action against it. Plaintiffs seek an Order from this Court striking Defendant NMS Labs' Motion to Dismiss, in its entirety, because it requests that the court take judicial notice of an unpublished related decision, to wit, Garlick et al. v. Quest et al. a New Jersey Federal District Court Opinion.

//

## II.
## ARGUMENT

### A) Plaintiffs' Motion to Strike is Improper

Plaintiffs bring their motion to strike pursuant to FRCP 12(f) which provides that "[t]he court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added).

Plaintiffs' Motion to Strike is not in response to any *pleading* on the part of a defendant, but rather in response to a Motion to Dismiss pursuant to FRCP 12(b)(6). An FRCP 12(f) Motion to Strike may be an appropriate response to certain allegations in a Complaint, or an Answer to the Complaint (*Fantasy Inc. v. Fogerty* (9th Cir. 1993) 984 F2d 1524, 1527) however, it is an improper response to a Motion such as the Court is dealing with here. *Sidney-Vinstein v. A.H. Robins Co.* (9th Cir. 1983) 697 F2d 880, 885. Additionally, Motions to Strike are regarded with disfavor because of the judicial policy of favoring resolution on the merits. (*Stanbury Law Firm v. IRS* (8th Cir. 2000) 221 F3d 1059, 1063.

### B) Defendant's Reference to the New Jersey Federal Court Decision Was Not Inappropriate

While Defendant NMS Labs cited to the New Jersey Decision in <u>Garlick et al v. Quest et al.</u>, a "Not for Publication" opinion, in its moving papers, this opinion may properly be considered by this Court. The <u>Garlick</u> plaintiffs, in this Class Action litigation, were represented by the same counsel that is representing the instant plaintiffs.

Moreover, the Garlick plaintiffs are all similarly situated with the instant plaintiffs insofar as they are all health care providers with a history of substance abuse, who agreed to random urine testing allegedly resulting in a "false-positive"EtG report of alcohol consumption. The Garlick case is one which all parties advised the court was a "related" case (see Joint Case Management Statement p. 6) in the matter of Wilson v. Compass Vision et al. C 07—03431 BZ – yet another related case. In the Wilson case Plaintiff's counsel similarly provided a copy of the Quisenberry v. Compass Vision, Inc., Case No. 07CV1135 BEN, decision to this Court, which this Court found to be persuasive.

By alluding to the Garlick decision, Defendant is merely providing this Court with further analysis and reasoning on the common preliminary issue to all of these cases, i.e. whether defendant owes a duty of care to plaintiffs. By the Local Rules, citing to unpublished opinions is appropriate "when relevant under the doctrines of law of the case, *res judicata* or collateral estoppel". Certainly there is a sufficient nexus of parties, interests and facts amongst these related cases for this Court to consider the rationale of the Garlick decision.

### III.
### CONCLUSION

Plaintiff's FRCP 12(f) Motion to Strike is improper and should be denied because it is directed at a Motion rather than a Pleading. If the Court considers the Motion to Strike as Proper then it may properly consider the citation to Garlick as persuasive

authority on a related case. The court of course retains discretion to simply disregard defendant's citation to <u>Garlick</u> decision if it unpersuaded by its reasoning, the fact that it is listed as "Not for Citation", or for any other reason. However, the Court should not under any circumstances follow Plaintiff's counsel's recommendation and disregard the entirety of the Motion to Dismiss because of this reference.

DATED: February 15, 2008

                    LAW OFFICES OF SAMUEL G. GRADER

                    /S/ Christian Green

                          Christian Green
                          Attorneys for Defendant

## CERTIFICATE OF SERVICE

Matter: Cleveland v. Compass Vision, Inc.
United States District Court, Northern District Case No.: 3:07-cv-5642 BZ

I am a citizen of the United States, over the age of 18 years, and not a party to or interested in the within entitled cause. I am an employee of the Law Offices of Samuel G. Grader and my business address is 1860 Howe Avenue, Suite 350, Sacramento, California 95825. On this date, I served the following documents:

**Defendant NMS Labs' Opposition to Plaintiffs' Motion to Strike**

\_\_\_\_ by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid. I am readily familiar with our firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service at Sacramento, California, on the same day in the ordinary course of business. Said correspondence was addressed as set forth below.

__XX__ by having a true copy of the documents listed above transmitted via email to the names, addresses via the US District Court, Northern District website.

\_\_\_\_ b y causing personal delivery of a copy thereof to the person or the office of the person at the address listed below.

| **Attorney for Plaintiff**<br>Joshua A. Ridless<br>Paul A. Moore, III<br>Law Offices of Joshua A. Ridless<br>244 California Street, Suite 300<br>San Francisco, CA 94111<br>Tel: 415-614-2600  Fx: 415-480-1398 | **Attorney for Defendant Compass Vision, Inc.**<br>Catherine A. Salah<br>Gordon & Rees LLP<br>275 Batter Street, Suite 2000<br>San Francisco, CA 94111<br>Tx: 415-986-5900  Fx: 415-986-8054<br>Email: csalah@gordonrees.com |
|---|---|
| Norman Perlberger<br>Eliot Lewis<br>Pomerantz Perlberger & Lewis<br>700 Stephen Girard Bldg<br>Philadelphia, PA 19107<br>Tel: 215-569-8866 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **February 15, 2008**, at Sacramento, California.

/S/Deborah J. Weidle
Deborah J. Weidle

-1-