DION N. COMINOS (SBN: 136522)
*dcominos@gordonrees.com*
CATHERINE A. SALAH (SBN: 154524)
*csalah@gordonrees.com*
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
COMPASS VISION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE ELIZABETH CLEVELAND, CYNTHIA DANIELS, LAURA FUJISAWA, CAROLINE HOWE and TRACEY MOORE,<br><br>Plaintiff,<br><br>vs.<br><br>COMPASS VISION, INC.; NATIONAL MEDICAL SERVICES, INC., d/b/a NMS LABS, and DOES ONE THROUGH TWENTY,<br><br>Defendants.    / | CASE NO. CV 07-05642 BZ<br><br>**COMPASS VISION, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:       March 19, 2008<br>Time:      10:00 a.m.<br>Courtroom: G<br>Judge:     Hon. Bernard Zimmerman |

Defendant Compass Vision, Inc. ("Compass Vision") hereby opposes Plaintiffs' Motion to Strike Compass Vision's Motion to Dismiss Plaintiffs' Complaint.

## I.  **INTRODUCTION**

Compass Vision has moved to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a viable claim against it. In response, Plaintiffs filed a Motion to Strike Compass Vision's Motion to Dismiss in an effort to avoid this Court's reviewing the Opinion issued by the Hon. Dennis M. Cavanaugh of the United States District Court for the District of New Jersey in the action *Garlick v. Quest Diagnostics, Inc., et. al.*, referenced by Compass Vision in support of its Motion.

In Plaintiffs' haste to try to prevent this Court from reviewing Judge Cavanaugh's Opinion, Plaintiffs fail to take note that the Federal Rule upon which their Motion to Strike is based is wholly inapplicable and does not provide a proper basis for their Motion.

Plaintiffs also overlook the fact that Compass Vision in no manner referenced the opinion in the *Garlick* action as binding authority but, rather, provided the opinion as merely persuasive support for Compass Vision's position that it did not owe Plaintiffs a duty of care and that Plaintiffs' Complaint is, therefore, legally untenable. This is the very same course of conduct followed by counsel for Plaintiff in the related *Wilson* action, in which the same counsel representing Plaintiffs in the instant action provided this Court with the Southern District Court's ruling in the related action *Quisenberry v. Compass Vision*, et. al. Additionally, it should be noted that at the hearing on the *Wilson* Motion to Dismiss, this Court expressly inquired as to how the New Jersey Court had ruled in the *Garlick* action. It would be inherently unjust to allow Plaintiffs to present this Court with favorable opinions in related cases as persuasive authority, yet strike the entirety of Defendant's Motion to Dismiss for presenting an unfavorable opinion.

As there is no legal basis for granting the motion and further, that doing so would thwart the interests of justice, Compass Vision requests that Plaintiffs' Motion to Strike be denied.

## II.     LEGAL ARGUMENT

**A.     No Legal Basis Exists for Granting Plaintiffs' Motion to Strike**

Plaintiffs' Motion to Strike is brought pursuant to Fed.R.Civ.P.12(f). Plaintiffs' reliance on Rule 12(f), however, is misplaced. This rule provides:

(f) Motion To Strike.

The court may strike **from a pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

(Fed.R.Civ. P. 12(f), emphasis added.)

In *See Sydney-Vinstein v. A.H. Robins Co.* 697 F.2d 880, 885 (9th Cir. 1983) the court instructed Rule 12(f) provides that "the court may order stricken from *any pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Under the express language of the rule, only pleadings are subject to motions to strike." In *F.T.C. v. Dept Solutions, Inc.* 2006 WL 2257022, W.D.Wash., August 07, 2006 the court, after noting that under Fed.R.Civ.P. 12(f) any insufficient defense may be stricken from a pleading, commented that a Rule 12(f) motion is a "rarity" and that "[D]istrict courts within the Ninth Circuit have uniformly stated that such motions are disfavored." (Accord, *Lear v. Louisville Ladder, Inc.*, 2007 WL 2947429, S.D. Cal., October 9, 2007; *Estate of Migliaccio v. Midland National Life Ins. Co.*, 436 F.Supp.2d 1095, 1100 (C.D.Cal.2006).) By their sole reliance on a rule that is patently inapplicable, Plaintiffs tacitly admit that no legal authority supports their motion.

Moreover, pursuant to Federal Rules of Appellate Procedure 32.1, it is not improper to cite unpublished federal judicial opinions issued after January 1, 2007, even if they are designated "non-precedential" or "not for citation." (See F.R.A.P. 32.1; *Cal. Prac. Guide Fed. Civ. Pro. Before Trial* Ch. 12-B, § 12:64.)[1]

### B. The *Garlick* Opinion is Relevant

Plaintiffs represent in their motion to strike that the opinion issued in the *Garlick* action is not relevant to Compass Vision's Motion to Dismiss Plaintiffs' Complaint in the instant matter. Other than cursorily making this assertion, Plaintiffs do nothing to support the same. This is because the ruling in the *Garlick* action is directly relevant to the legal issues currently pending before this Court.

In *Garlick*, as in the instant action, Plaintiffs are nurses or pharmacists who admitted to drug and/or alcohol use. As were the Plaintiffs in *Garlick*, Plaintiffs in this matter were required to participate in the Board of Nursing/Pharmacists Diversion Program and, as part of the program, submit to EtG testing. As did the Plaintiffs in *Garlick*, Plaintiffs in the instant matter

---

[1] F.R.A.P. 32.1(a) provides a court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been: (i) designated as "unpublished," "not for publication," "non-precedential," "not precedent," or the like; and (ii) issued on or after January 1, 2007.

-3-

COMPASS VISION, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE            CASE NO. CV 07-05642 BZ

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  have brought suit against Compass Vision and the testing laboratories in connection with alleged
2  false-positive EtG test results.  And, as was addressed by defendants in the *Garlick* action in their
3  Motion to Dismiss Plaintiffs' Complaint therein, the primary legal issue before the Court is
4  whether defendants can be found to have owed Plaintiffs a duty as a matter of law.  In sum, the
5  *Garlick* action and the instant action present nearly identical factual and legal issues.  This Court
6  may, therefore, consider the opinion in the *Garlick* action for persuasive purposes.

   In the alternative, if the Court determines that reference to the opinion issued in the
*Garlick* matter was improper for any reason, rather than striking Compass Vision's Motion to
Dismiss, in its entirety, Compass Vision requests that the Court simply disregard the opinion.

### III.  CONCLUSION

There being no legal basis for Plaintiffs' Motion to Strike Compass Vision's Motion to
Dismiss Plaintiffs' Complaint, Compass Vision respectfully requests that the Court deny the
motion.

Dated:  February 20, 2008               GORDON & REES LLP


                                         /s/ Catherine A. Salah
                                    By: _____
                                         DION N. COMINOS
                                         CATHERINE A. SALAH
                                         Attorneys for Defendant
                                         COMPASS VISION, INC.

-4-
COMPASS VISION, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE          CASE NO. CV 07-05642 BZ