1  DION N. COMINOS (SBN: 136522)
   *dcominos@gordonrees.com*
2  CATHERINE A. SALAH (SBN: 154524)
   *csalah@gordonrees.com*
3  GORDON & REES LLP
   Embarcadero Center West
4  275 Battery Street, Suite 2000
   San Francisco, CA  94111
5  Telephone:  (415) 986-5900
   Facsimile:  (415) 986-8054
6
   Attorneys for Defendant
7  COMPASS VISION, INC.

8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10

11

12 | JOANNE ELIZABETH CLEVELAND, | CASE NO. CV 07-05642 BZ
   | CYNTHIA DANIELS, LAURA FUJISAWA, |
13 | CAROLINE HOWE and TRACEY MOORE, | **REPLY IN SUPPORT OF COMPASS VISION, INC.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**
14 |            Plaintiff, |
15 | vs. |
16 | COMPASS VISION, INC.; NATIONAL | **[Fed.R.Civ.P. 12(b)(6)]**
   | MEDICAL SERVICES, INC., d/b/a NMS |
17 | LABS, and DOES ONE THROUGH | Date:   March 19, 2008
   | TWENTY, | Time:   10:00 a.m.
18 |            Defendants.    / | Crtrm:  G
   | | Judge:  Hon. Bernard Zimmerman
19
                              **Amended Complaint Filed:**
20                                  **January 9, 2008**

21

22      Defendant Compass Vision, Inc. ("Compass Vision") respectfully submits its Reply

23 Memorandum in support of its Motion to Dismiss Plaintiffs' Amended Complaint for failure to

24 state a claim upon which relief can be granted.

25 ///

26 ///

27 ///

28

## I. INTRODUCTION TO REPLY

Plaintiffs' position can be summarized as follows: (1) this Court should not even consider any of the arguments raised by Compass Vision's moving papers since the Court already issued a ruling in the action *Deborah Wilson v. Compass Vision*, *et. al.,* (2) the Court should not consider the Opinion issued by the New Jersey District Court in the *Garlick* action, which granted the defendants' Motion to Dismiss, since the Opinion was designated "Not for Publication," and (3) the Court *should* reconsider Judge Benitez' ruling in the *Quisenberry* action which dismissed Plaintiff's claim for emotional distress damages since that part of the ruling was wrong.[1]

Plaintiffs' position is legally untenable. Compass Vision has a right to request that the Court review the motion in *this* action and is entitled to request that the Court consider the *Garlick* Opinion for persuasive purposes. Compass Vision believes that such an independent review will demonstrate that Plaintiffs cannot state a claim for negligence against it.

## II. LEGAL ARGUMENT

**A. Compass Vision's Motion Should be Granted Since Plaintiffs Fail to Cite Any Authority in Support of Their Negligence Claim and Fail to Distinguish Any of the Authority Upon Which the Motion is Brought**

In their Opposition, Plaintiffs, rather than citing to any authority that supports their position that their claim for negligence is properly maintained, and rather than distinguishing any of the case law cited by Compass Vision, instead simply reiterate the factual backgrounds relevant to each of their individual claims. The issue before the Court, however, is solely a legal issue. The only relevant issue is whether Plaintiffs have stated a right to relief on their negligence cause of action. The answer to this is in the negative. Plaintiffs concede that there is no California authority which supports their novel theory. By failing to cite any authority, Plaintiffs also concede that there is no precedent in any other jurisdiction which supports their claim. The cases cited by Compass Vision in its moving papers overwhelmingly establish that Plaintiffs' negligence claim fails since no legal duty on the part of Compass Vision exists as a

---

[1] Compass Vision filed an Opposition to Plaintiffs' Motion to Strike, which it views as having been made without any proper legal basis.

-2-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

matter of law.  Absent a legal duty, Plaintiffs' claims fail.  Accordingly, Compass Vision requests that the Court grant its Motion to Dismiss Plaintiffs' Complaint, in its entirety.

**B.     The Ruling in the *Quisenberry* Action, Followed by this Court, Is Inapplicable to Compass Vision**

Plaintiffs request that this Court deny Compass Vision's Motion outright since the Court denied its Motion in the *Wilson* action.  As this Court is aware, however, its ruling in *Wilson* largely followed the Order issued by the Honorable Roger T. Benitez of the Southern District in the related *Quisenberry* action.  The ruling in *Quisenberry*, however, is inapplicable to Compass Vision.  The face of the ruling illustrates that Judge Benitez failed to make any distinction between Compass Vision and defendant Quest Diagnostics, a testing laboratory.[2]  By its express language the Order clearly only applies to the legal issue of whether Plaintiff Eva Quisenberry could maintain her negligence claim against a testing laboratory.  Those portions of Judge Benitez' Order which conclusively demonstrate that his ruling only pertains to a duty on the part of testing facilities to those whose specimens the facility tests are as follows:

> Whether **laboratory facilities** owe a duty to the individuals **whose specimens they test** at the request of others is an issue of first impression in this jurisdiction. (Order, 4:27-28.)

> . . .

> Nevertheless, our extensive review of the myriad of cases in other jurisdictions makes it clear that the overall trend is for the courts to recognize that **a laboratory owes a duty to its test subject**, regardless of whether a contractual relationship exists between them." (Order, 4:28-5:4.)

> . . .

> It appears that an overwhelming majority of the courts that decided this issued held that a **laboratory owes a duty to those whose specimens it tests**." (Order, 5:8-10.)

> . . .

> The Court's balancing of the above factors weighs in favor of finding that **laboratories have a duty to individuals whose specimens they test**." (Order, 8:18-19.)

---

[2] A copy of Judge Benitez' Order Granting Motion to Dismiss in Part and Denying in *Quisenberry v. Compass Vision, et al.*, Case No. 07CV1135, is attached hereto for the Court's convenience.

1   From the above, it is apparent that, in determining that a duty exists, Judge Benitez did
2   not make any distinction between Compass Vision and Quest Diagnostics. His ruling, however,
3   unambiguously applies only to the duty of a testing laboratory. **Compass Vision is not a testing**
4   **laboratory, and Plaintiffs in the instant matter nowhere allege that it is in their Amended**
5   **Complaint that it is or ever has been.** To the contrary, Plaintiffs allege that Compass Vision
6   served as a Third Party Administrator pursuant to an agreement with Maximus, Inc., the
7   Administrator of the Board of Nursing/Board of Pharmacy's Recovery Programs. (See
8   Plaintiffs' Amended Complaint at ¶ ¶ 7, 8 and 13.) **Judge Benitez' Order nowhere makes any**
9   **findings as to the duty of Third Party Administrator, such as Compass Vision.** The Order in
10  *Quisenberry*, therefore, which allowed Plaintiff in that action to maintain her negligence claim, is
11  inapplicable to Compass Vision.
12   Moreover, as set forth at length in Compass Vision's moving papers, even if Compass
13  Vision were a laboratory, those jurisdictions which have considered the issue of whether a
14  laboratory owes a duty to the person tested have only applied a limited duty in connection with
15  the collection, handling and testing of samples. Plaintiffs in the instant action nowhere allege
16  that Defendants negligently collected, handled, contaminated or tested their samples. As such, it
17  remains that there is no precedent in any jurisdiction that supports the imposition of a duty on the
18  part of Compass Vision.
19   Finally, as pointed out in Compass Vision's moving papers, in *Caputo v. Compuchem*
20  *Labs, Inc*., 1994 WL 100084, aff'd 37 F.3d 1485 (3rd Cir. 1994), the only case of which
21  Compass Vision is aware in which the court addressed the issue of testing cut-off limits, the
22  court found that the plaintiff had failed to establish any duty on the part of the entity responsible
23  for having set the cut-off limit. Plaintiffs cite no opposing authority. Nor have Plaintiffs made
24  any effort whatsoever to distinguish the ruling in *Caputo*. The ruling, therefore, serves as
25  precedent for granting Compass Vision's Motion to Dismiss.
26  **C.   Plaintiffs Are Not Entitled to Damages for Alleged Emotional Distress**
27   Plaintiffs' claim that they should be permitted recovery of damages for emotional distress
28  fails for a myriad of reasons. A claim for emotional distress damages must be supported by an

-4-

independent cause of action, such as intentional or negligent infliction of emotional distress. Intentional infliction of emotional distress is based upon a defendant's "unprivileged" commission of an "outrageous act" with the intent to inflict mental suffering. *State Rubbish Collectors' Assn v. Siliznoff*, 38 Cal.2d 330 (1952). An essential element of this cause of action must be "extreme and outrageous conduct" on the part of the defendant. Such conduct must be found to have exceeded "all bounds of human decency usually tolerated in a civilized society." *Potter v. Firestone*, 6 Cal.4th 965, 1001 (1993). Furthermore, such conduct must be directed primarily at a particular individual and be intended to cause that individual severe emotional distress. *Christensen v. Super. Ct.*, 54 Cal.3rd 868, 903 (1991.)

Plaintiffs have not pled a cause of action for either negligent or intentional infliction of emotional distress. As noted, Plaintiffs' single cause of action set forth in their Amended Complaint is for negligence. Nevertheless, Plaintiffs go to lengths in an effort to obtain a ruling from this Court that they are allowed recovery of damages for emotional distress. Plaintiffs, however, may only recover those damages permitted by law related to their negligence claim. Emotional distress damages in these circumstances are not permitted.

While Plaintiffs reiterate certain purported facts surrounding each of their respective claims and assert that Compass Vision somehow caused harm to their reputations for which they should be permitted recovery, Plaintiffs omit some critical facts of which, in the interests of fairness, this Court should be made aware. For example, it is a fact that Plaintiffs are admitted drug/alcohol users who were determined by the California Board of Nursing and/or the Board of Pharmacy to have abused their positions of trust as nurses or pharmacists and who have been found to have violated various laws. Plaintiff Cleveland, leaves out from her factual scenario the fact that she admitted that, while on duty working as a nurse, she signed out various drugs under the names of her patients, forged physicians' signatures on prescriptions, and performed her nursing duties while under the influence of drugs .[3] Plaintiff Laura Fujisawa, a pharmacist,

---

[3]   The Accusations filed against Plaintiffs and Plaintiffs' Stipulated Settlements and Disciplinary Orders, setting out the circumstances leading to their respective Boards' Disciplinary action against them, are a matter of public record and can be accessed by the general public by simply going to the Board of Pharmacy, Department of Consumer Affairs and/or Board of Registered Nursing, Department of Consumer Affairs.

-5-

leaves out the fact that she admitted to stealing large quantities of both prescription and non-prescription drugs from her employer. Ms. Fujisawa further admitted to taking drugs, including cocaine, while working as a pharmacist and dispensing drugs to members of the public. Plaintiff Tracy Moore omitted from her own factual recitation the fact that the Accusation filed by the Attorney General for the State of California before the Board of Pharmacy against her included charges of dishonesty, fraud, deceit or corruption, as well as use of controlled substances, arising from her theft of large quantities of drugs from her employer while she worked as a pharmacist. Plaintiff Cynthia Daniels omitted from her factual scenario the fact she admitted that, while on-duty as a pharmacist, she stole large amounts of various controlled substances from her employer, admitted to stealing other merchandise from her employer while under the influence of controlled substances/dangerous drugs, and that she was arrested on suspicions of embezzlement.

Thus, it is both unfair, as well as disingenuous, for Plaintiffs to lead this Court to believe that Compass Vision is somehow responsible for damaging their reputations, for which they should be permitted recovery. Compass Vision suggests that those responsible for injuring their own reputations are Plaintiffs themselves. And any harm to their reputations, caused by their admitted participation in illegal conduct and breach of their ethical duties as healthcare providers, occurred prior to undergoing any EtG testing. Plaintiffs' Complaint nowhere pleads any facts that Compass Vision directed any "outrageous" conduct primarily at any of them or that Compass Vision intended to cause them severe emotional distress. Factually, therefore, Plaintiffs' assertion that they should be permitted to maintain a claim for emotional distress damages caused by, among other things, harm to their reputations, lacks merit.

Moreover, there is no legal merit to Plaintiffs' assertion. Plaintiffs assert that *Molien* v. *Kaiser Foundation Hospitals*, 27 Cal.3rd 916 (1980) supports their claim. As this Court is aware, *Molien* involved a misdiagnosis of an infectious type of syphilis. *Molien* was analyzed by Judge Benitez in the Oder issued in the *Quisenberry* action taking into account the circumstances giving rise to the instant EtG claims. Judge Benitez, for numerous reasons, was unpersuaded that

-6-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Plaintiff's claims came anywhere near the necessary showing for recovery of emotional distress damages. Judge Benitez writes:

> It is, therefore, quite possible that California courts will allow a recovery of damages for emotional distress by lab patients in some circumstances where emotional distress is predictable and highly unusual. For example, an erroneous lab diagnosis labeling an individual as being HIV-positive or as having another type of serious illness would undoubtedly cause the patient severe emotional distress, even in the absence of a physical injury. Such an individual would not know for sure whether her diagnosis is erroneous, and she would most likely assume that she is suffering from a **serious or life-threatening illness**. Because of this **uncertainly surrounding her health or even a possibility of an impending death,** she may suffer severe emotional distress even in the absence of a physical injury.
>
> Meanwhile, an individual whose tests results indicate she had been drinking is unlikely to suffer highly unusual emotional distress. First, these test results are not likely to suggest that she has a serious or a life-threatening health condition. Furthermore, in this scenario, an individual would know with certainty whether she had, in fact, been drinking and thus she would immediately recognize that the lab results are erroneous. Therefore, even taking Plaintiff's allegations in this case as true, any distress suffered by Plaintiff does not rise to the level so "severe" or "highly unusual" that it would justify allowing recovery of emotional distress damages absent a physical injury.

(Order, 9:6-24.)

Similarly, the allegations in Plaintiffs' Amended Complaint in the instant action do not give rise to a right to recovery for damages for emotional distress. Plaintiffs do not allege that they were misdiagnosed with any serious illness or disease. Plaintiffs' positive test results showing alcohol consumption, especially where, as here, they claim they had not ingested any alcohol, would not even have lead them to believe they were suffering from a serious or life-threatening illness. If, as they claim, they had not been drinking, then there would have been no uncertainty surrounding their health whatsoever -- and clearly no possibility of impending death. The considerations weighed by the court in *Molien* in permitting plaintiff to maintain a claim for emotional distress damages are simply not present here.

**D.    Plaintiffs Are Not Entitled to Recover Punitive Damages Against Compass Vision**

Having failed to cite any authority in their Opposition establishing any right to punitive damages, and having failed to distinguish any of the cases relied upon by Compass Vision in its moving papers, Plaintiffs tacitly concede that they are not entitled to recover punitive damages

-7-

1  against Compass Vision.  As set forth at length in the moving papers, Plaintiffs' Complaint fails
2  to plead specific facts demonstrating fraud, oppression or malice on the part of Compass Vision
3  such as required by Civil Code § 3294.  As noted, Compass Vision has no relationship with any
4  of the Plaintiffs.  Further, Plaintiffs admit in their Complaint that EtG testing was instituted by
5  the State of California and that their respective Recovery Programs were administered by
6  Maximus, Inc.  The State Board's and/or Maximus, Inc.'s decision to include EtG testing on
7  panels for nurses and pharmacists in recovery does not, under any scenario, translate into any
8  wrongdoing on the part of Compass Vision, let alone any wrongdoing that would subject it to
9  punitive damages.

**E.     The Letter From Physician's Health Programs is Inadmissible and Irrelevant**

Plaintiffs attach as an exhibit to their Opposition a letter from Physician's Health Programs to an unnamed "PHP Participant." The letter is inadmissible as there is no basis upon which this Court may take judicial notice of the same.  Plaintiffs have failed to provide even the most minimal of foundations for the letter.  Plaintiffs submit no Declaration or Affidavit that the letter was actually prepared by or sent by the purported author, nor any information regarding to whom it was sent or why.

While not appropriate for submission as evidence in support of the instant Motion to Dismiss, Compass Vision points out, so that the Court is adequately advised of all relevant facts, that it is a matter of public knowledge that both the California Board of Registered Nurses and Board of Pharmacy have acknowledged their awareness of the SAMSHA advisory to which Plaintiffs refer in their Opposition and have confirmed their on-going desire to include EtG testing as part of the test panels for nurses and pharmacists participating in the Boards' respective Recovery Programs.  Plaintiffs' exhibit, therefore, is not only inadmissible but is irrelevant as well.

///
///
///
///

### III. CONCLUSION

Plaintiffs' Complaint does not raise a right to the relief sought against Compass Vision for negligence. Accordingly, Compass Vision respectfully renews its request that the Court grant its Motion to Dismiss and dismiss Plaintiffs' Complaint against it in its entirety.

Dated: February 27, 2008                         GORDON & REES LLP

                                                                     /s/ Catherine A. Salah

By: _____
DION N. COMINOS
CATHERINE A. SALAH
Attorneys for Defendant
COMPASS VISION, INC.

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-9-

REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT          CASE NO. CV 07-05642 BZ