CHRISTIAN GREEN (SBN: 173502)
*Christian.Green@CNA.com*
LAW OFFICES OF SAMUEL G. GRADER
1860 Howe Avenue, Suite 350
Sacramento, CA  95825
Telephone: (916) 567-6420
Facsimile:  (866) 903-4464

Attorneys For Defendant
NATIONAL MEDICAL SERVICES, Inc.
DBA NMS LABS

DION N. COMINOS  (SBN: 136522)
*dcominos@gordonrees.com*
CATHERINE A. SALAH (SBN: 154524)
*csalah@gordonrees.com*
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA  94111
Telephone: (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Defendant
COMPASS VISION, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE ELIZABETH CLEVELAND, CYNTHIA DANIELS, LAURA FUJISAWA, CAROLINE HOWE AND TRACEY MOORE,<br><br>Plaintiffs,<br><br>vs.<br><br>COMPASS VISION, INC. AND NATIONAL MEDICAL SERVICES, INC. D/B/A NMS LABS.<br><br>Defendants. | Case No. CV 07 5642 BZ<br><br>**DEFENDANTS' JOINT CASE MANAGEMENT STATEMENT**<br><br>[LOCAL RULE 16-9)<br>Date:   March 24, 2008<br>Time:   4:00 p.m.<br>Crtrm:  G, 15th Floor<br>Judge:  Bernard Zimmerman |

Pursuant to Local Rule 16-9, the parties submit the following Joint Case Management Statement.

CASE NO.: CV 07 5642 BZ
_____
JOINT CASE MANAGEMENT STATEMENT
1

1. <u>Jurisdiction and Service</u>:

Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. Section 1332(a). Plaintiffs JOANNE ELIZABETH CLEVELAND, CYNTHIA DANIELS, LAURA FUJISAWA, CAROLINE HOWE AND TRACEY MOORE allege that their individual damages exceed $75,000.

No other parties remain to be served.

2. <u>Facts</u>:

Plaintiffs are nurses and pharmacists who, because of a past history of drug and/or alcohol abuse were required by the California State Board of Nursing or the State Board of Pharmacy, as part of their Recovery Program, to submit to random drug and alcohol testing. The testing methodology selected by the Plaintiffs' State Boards required analysis of their submitted urine samples for Ethyl Glucuronide "EtG", which is a metabolite of ethanol.

Defendant Compass Vision served as a third party administrator pursuant to an agreement with Maximus, Inc., the Administrator of the Board of Nursing/Board of Pharmacy's Recovery Programs. Defendant National Medical Services, Inc. "NMS Labs" performed testing of the submitted samples and reported "positive" findings on Plaintiffs' EtG levels which were in excess of 250ng/Ml.

Plaintiffs do not dispute that the test results accurately reported the EtG levels in their urine, but contend that the 250ng/Ml "cut off" level employed by NMS Labs was arbitrary and that they did not consume alcohol and therefore their EtG level should not have been interpreted as "positive". Plaintiffs deny consuming alcohol during their Recovery Program and claim that their EtG levels occurred as a result of innocent contact with everyday items containing ethanol.

3. <u>Legal Issues</u>:

a. Whether Defendant NMS owed Plaintiffs a duty of care with regards to the establishment of different "cut-off" levels for a "positive" EtG test given the fact that there is no dispute it accurately reported the EtG levels in Plaintiffs' samples.

  b.   Whether Defendant Compass Vision owed Plaintiffs a duty of care with regards to its role as a Third Party Administrator and in light of its lack of substantive involvement with the testing process.

  c.   Whether Plaintiffs are entitled to recover general damages for emotional distress and injury to reputation under the facts as alleged.

  d.   Whether Plaintiffs may recover punitive damages against these Defendants.

  4.   Motions:

  a.   Prior Motions

Defendants have filed a Motion to Dismiss pursuant to F.R.Civ. P. 12(b)(6). The motion is scheduled for hearing on March 19, 2008.

  b.   Anticipated Motions

Plaintiffs intend to file a Motion for Consolidation for Discovery and Trial with the related action *Wilson v. Compass Vision, Inc*., United States District Court for the Northern District of California. Defendants intend to file summary judgment motions. It is also anticipated that there will be a pre-trial Daubert hearing.

  5.   Amendment of Pleadings:

Plaintiffs filed an Amended Complaint on January 9, 2008. No other amendments are anticipated at this time.

  6.   Evidence Preservation:

None.

  7.   Disclosures:

The parties have not yet served their initial disclosures since, pursuant to Fed. R. Civ. P. 26(D) the time for doing has not yet occurred (14 days after the instant Conference.)

  8.   Discovery:

The parties have not yet engaged in any discovery.

CASE NO.: CV 07 5642 BZ
_____
JOINT CASE MANAGEMENT STATEMENT
3

Plaintiffs anticipate the following discovery: Depositions of designees from both defendants concerning EtG testing, promotion and sale of EtG testing, research and establishment of cut-offs for positive results of EtG testing, and their involvement in EtG testing in California. Depositions of Kim McKown, owner of Compass Vision and Martha Brown, MRO. Deposition of CEO and Medical Director of NMS and Dr. Edward John Barbieri, NMS lab director and forensic toxicologist. Plaintiff will also depose the person most knowledgeable from the California State Nursing Board on how EtG testing started in California. Further Plaintiff anticipates serving both defendants with written discovery, namely interrogatories, request for documents, and requests for admissions

Defendants anticipate taking Plaintiffs' depositions, the deposition(s) of the Persons Most Knowledgeable associated with either Maximus, the Administrator of the California Nurses Recovery Program or State Board of Nursing and State Board of Pharmacy who were involved with alleged disciplinary action taken in response to Plaintiffs' EtG test results, Persons Most Knowledgeable associated with Plaintiffs' participation/compliance with the Recovery Program, and the Person(s) Most Knowledgeable with Defendant NMS regarding testing of Plaintiff's samples and/or the results thereof. Further, Defendants anticipate serving Plaintiffs with interrogatories, a document demand and requests for admissions.

The parties jointly propose to the court the following discovery plan:

The parties will exchange by April 7, 2008 the information required by FRCP 26(a)(1) [Initial Disclosure].

Discovery will be needed on the following subjects:

Defendants' history and involvement with EtG testing and providing EtG testing services to the California State Board of Nursing and State Board of Pharmacy. The Boards and/or Maximus, Inc.'s decision to include EtG testing on panels for participants in the State Boards Recovery Programs. The basis of the State Boards' and/or Maximus, Inc.'s imposition of disciplinary action. Defendants' alleged representations concerning the efficacy of EtG testing and what research and scientific data was depended on for said representations. Plaintiffs' backgrounds, including history of drug and alcohol

consumption, involvement and compliance with their respective State Board's Recovery Programs, and testing and reporting methods implemented on Plaintiffs' samples. Plaintiffs' claimed injuries and damages. This discovery will be completed with written and deposition discovery as set forth more specifically above.

All non-expert discovery will be commenced so as to be completed by 60 days prior to trial.

Maximum of 35 interrogatories by each party to any other party, responses due 30 days after service.

Maximum of 35 requests for admission by each party to any other party, responses due 30 days after service.

Maximum of 35 requests for production of documents by each party to any other party, responses due 30 days after service.

Maximum of 10 depositions by plaintiffs and 15 depositions in total by defendants.

The parties do not request a conference with the Court before entry of a Scheduling Order.

9. <u>Class Actions</u>:

Not applicable.

10. <u>Related Cases</u>:

*Wilson v. Compass Vision, Inc.*, Case No. C 07-03431 BZ (EDL), United States District Court for the Northern District of California. (Five plaintiffs)

Quisenberry v. Compass Vision, Inc. and Quest Diagnostics, Inc., dba Northwest Toxicology, Case No. 07-CV-01135-BEN-AJB, USDC for the Southern District of California.

*Gonzales v. Compass Vision, Inc., et al.*, Case No. 07 CV 1951 BEN AJB, United States District Court for the Southern District of California.(Nine plaintiffs)

*Nancy Clark v. FirstLab, Quest and NMS*, NO. 06-27461 Court of Common Pleas, Montgomery County, Pennsylvania.

*Boyer v. FirstLab and Quest*, NO. 07-11356 Court of Common Pleas, Montgomery County, Pennsylvania.

*Gately v. FirstLab and Quest,* NO. 07- 21354 Court of Common Pleas, Montgomery County, Pennsylvania.

*Berry v. NMS and Compass Vision,* Case No. 07-CV-0365 District Court of Johnson County, Kansas.

*D. Clark v. NMS and Compass Vision,* Case No. 08-CV- 0043 District Court of Johnson County, Kansas.

*Fernandez v. NMS and Compass Vision,* Case No. 07-CV-8668 District Court of Johnson County, Kansas.

*Grable v. NMS and Compass Vision,* No. 07-CV-9904 District Court of Johnson County, Kansas.

*Lampe v. NMS and Compass Vision,* No. 07-CV-6475 District Court of Johnson County, Kansas.

*Lorie Garlick, et al. v. Quest Diagnostics, Inc., et al.*, Case No. 06-cv-6244 (DMC) United States District Court for the District of New Jersey (Newark).  Class action filed on December 27, 2006. (Fifteen named plaintiffs, including five plaintiffs from California.)

11. <u>Relief:</u>

Plaintiffs seeks monetary damages for alleged loss of income, future loss of income, additional costs of recovery program caused by false positive tests, damages to professional reputation and credibility and humiliation and emotional distress as a consequence of injury to reputation and from apprehension of further false positives.

12. <u>Settlement and ADR</u>:

Plaintiffs are agreeable to settlement discussions and mediation.

Defendants believe that Plaintiffs' action should be summarily adjudicated in their favor and that Plaintiffs' action as against them should properly be dismissed.  Prior to being in a position to consider resolution by settlement, therefore, Defendants request sufficient time to conduct discovery and file for summary judgment.

13. Consent to Magistrate Judge For All Purposes:

The Parties consent to the Magistrate Judge for all purposes.

14. Other References:

Plaintiff has suggested that this EtG action may be suitable for Multidistrict Litigation with the related cases. Plaintiffs' counsel is to advise the court at this conference whether he elects to proceed with Multidistrict Litigation. Defendant Compass Vision objects to the referral of the action to the Multidistrict Litigation Panel and will oppose efforts to remove the action to the Panel.

15. Narrowing of Issues:

Will be addressed after discovery.

16. Expedited Schedule:

The parties do not believe that the case is amenable to an expedited schedule.

17. Scheduling:

All discovery to be completed within 30 days prior to Trial.

Reports from retained experts under Rule 26(a)(2) due: Plaintiffs' Expert reports by 120 days prior to trial. Defendants' Expert reports by 90 days prior to trial. Expert depositions by 60 days prior to trial. Summary Judgment Motions by 45 days prior to trial.

18. Trial:

Jury trial. The parties request a Trial date in Spring 2009. It is expected that trial will last 20-25 court days. The estimated length of trial may be greater depending on whether this case is ultimately consolidated with other related matters or whether it is part of a Multidistrict Litigation.

19. Disclosure of Non-party Interested Entities or Persons:

Defendant Compass Vision has filed a Certification of Interested Entities or Persons. As disclosed therein, Kim McKown is the owner of Compass Vision, Inc. At this time there is no involved insurer on behalf of Compass Vision, Inc., although various tenders of defense have been made.

Defendant NMS Labs is a nongovernmental corporate party that does not have any parent corporation or publicly held corporation that owns 10% or more of its stock. Its involved insurer is CNA.

20. <u>Other Matters</u>:

None.

Dated: February 29, 2008

GORDON & REES LLP

/s/ Catherine A. Salah

By: _____
DION N. COMINOS
CATHERINE A. SALAH

Attorneys for Defendant

COMPASS VISION, INC.

LAW OFFICES OF SAMUEL G. GRADER

/s/ Christian Green

By: _____
CHRISTIAN GREEN
Attorneys for Defendant
NATIONAL MEDICAL SERVICES, INC. DBA NMS LABS