CHRISTIAN GREEN, State Bar No. 173502
LAW OFFICES OF SAMUEL G. GRADER
1860 Howe Avenue, Suite 350
Sacramento, CA  95825
Telephone:  916-567-6420
Direct Line:  916-567-6426
FAX: 866-903-4464

Attorney for Defendant
National Medical Services, Inc., D/B/A NMS Labs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE CLEVELAND,<br><br>    Plaintiff,<br><br>vs.<br><br>COMPASS VISION, INC., et al.,<br><br>    Defendants.<br>_____/ | Case No. 3:07cv5642<br><br>**DEFENDANT NMS LABS' REQUEST FOR CERTIFICATION PURSUANT TO 28 U.S.C. SECTION 1292(b)**<br><br>Date:   April 16, 2008<br>Time:   10:00 a.m.<br>Crtrm:  G, 15th Floor<br>Judge:  Bernard Zimmerman |

**TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE THAT DEFENDANT NATIONAL MEDICAL SERVICES, INC., d/b/a NMS LABS will move the court at the time and place specified above for certification that the Order of February 29, 2008, denying Defendant's Motion to Dismiss Plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(6) is appropriate for immediate appeal pursuant to 28 U.S.C. § 1292(b).

The request will be made based upon this notice, the attached motion, the certified copy of the district court's February 29, 2008, Order, as well as the records contained in the court's

file in this matter and such further evidence, whether oral or documentary, as may be presented at the time of this hearing.

DATED:  March 6, 2008

          LAW OFFICES OF SAMUEL G. GRADER


         /S/CHRISTIAN GREEN_____
          Christian Green
          Attorneys for Defendant
          National Medical Services, Inc., D/B/A NMS Labs


**MOTION FOR CERTIFICATION OF ORDER FOR APPEAL
PURSUANT TO 28 U.S.C. SECTION 1292(b).**

## I. INTRODUCTION

On or about January 9, 2008, Plaintiffs filed an Amended Complaint in the District Court seeking damages against defendants, Compass Vision and NMS LABS.  Plaintiffs are nurses and pharmacists who, because of an admitted drug or alcohol addiction, were required by either the California State Board of Nursing or State Board of Pharmacy, as part of their recovery program, to submit to random drug and alcohol testing.  The testing methodology selected by the state boards to which plaintiffs were required to submit included testing for ethyl glucuronide "EtG" testing.  EtG is a metabolite ethanol (alcohol) detectable in urine samples.

Defendant Compass Vision, acting as a third party administrator, pursuant to an agreement with Maximus, Inc., the administrator of the Board of Nursing/Board of Pharmacy Recovery programs, collected and transmitted Plaintiffs' urine samples to Defendant National

Medical Services, Inc d/b/a NMS LABS for testing. NMS LABS performed testing of the submitted samples and reported "positive" findings on each of the plaintiffs' EtG levels which were in excess of 250 mg/ml.

Plaintiffs do not dispute that the test results accurately reported the EtG levels present in their urine, but contend that the 250 mg/ml "cut-off" level employed by NMS LABS was arbitrary. Plaintiffs deny consumption of any alcohol during their participation in the recovery program and contend that their EtG levels should not have been interpreted as "positive". Plaintiffs contend that their EtG levels occurred as a result of innocent contact with everyday items containing ethanol.

On or about January 29, 2008, Defendant NMS LABS filed a Motion to Dismiss the action for failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(6). Defendant's basis for the motion to dismiss was the fact that defendant NMS LABS did not owe a duty to the plaintiffs, as drug test subjects, to establish a different cut-off level for a positive "EtG" result. Additionally, defendant argued that the plaintiffs are not entitled to recover general damages for emotional distress or punitive damages in this action.

The motion was brought on for hearing, which was scheduled for March 19, 2008, in front of the Honorable Bernard Zimmerman. Judge Zimmerman denied defendant's motion to dismiss. In his order Judge Zimmerman took judicial notice of the recent decisions in *Garlick v. Quest Diagnostic, Inc.* from the United States District Court for the District of New Jersey (Case No.: 06cv6422(DMC) December 28, 2007) and in *Perez Rocha v. Commonwealth of*

*Pennsylvania*, from the Commonwealth Court of Pennsylvania (Case No.: 225 C.D. 2006, October 9, 2007). While tacitly acknowledging the inconsistent treatment similar cases have received, Judge Zimmerman indicated his agreement with the analysis of the court in the case of *Quisenberry v. Compass Vision*, from the Southern District of California, (Case No.: 07cv1135, November 14, 2007.) (District Court minute order attached hereto and incorporated herein by reference as Exhibit A.)

It is defendant NMS LABS' contention that California law clearly requires a determination of the existence of a duty as a prerequisite to plaintiffs' action against it. All parties and the court agree that this is a case of first impression in California.

**II.   INTERLOCUTORY APPEAL FROM THIS ORDER IS APPROPRIATE UNDER 28 U.S.C. SECTION 1292(b)**

An interlocutory order may be the subject of a petition to the Appellate Court for permission to appeal pursuant to 28 U.S.C. § 1292(b) and Federal Rules of Appellate Procedure Rule 5 if the District Court certifies the order for appeal. Such an order must involve a controlling question of law as to which there is substantial ground for difference of opinion and where a resolution thereof will materially advance the termination of the litigation. Defendant, NMS LABS believes the Order denying its motion to dismiss satisfies all three prerequisites, and therefore requests this court to issue a certification order.

**III.   THE ISSUE OF THE EXISTENCE OF A DUTY BETWEEN A TESTING LABORATORY AND DRUG TEST SUBJECT IS A CONROLLING QUESTION OF LAW**

The plaintiffs here must establish, in order to prevail on their claim of liability against this defendant, that NMS LABS owed them a duty of care. Further, they must establish

whether NMS LABS breached that duty. Whereas the breach of such a duty is a question of fact for the jury to decide, the existence of a duty is always one of law. Therefore, the basis of this defendant's motion to dismiss was whether as a matter of law it owed a duty of care to the plaintiffs to set a different "cut-off" level for a positive EtG result. This is the controlling question of law upon which the court's order denying the motion to dismiss turned. Therefore, the order satisfied the first requirement for the issuance of a certification permitting an immediate appeal pursuant to 28 U.S.C. § 1292(b).

### IV. A SUBSTANTIAL BASIS EXISTS FOR DIFFERENCE OF OPINION REGARDING THE ISSUE OF LAW PRESENTED.

The District Court took judicial notice of a number of related cases reaching different conclusions on the issue of the existence of a duty and the circumstance presented in the instant action. The federal court's jurisdiction is based upon diversity of citizenship, and resolution of the dispute requires the application of California substance of law. *Erie Railroad Company v. Tompkins*, 354 U.S. 64 (1938). All parties and court agree that this is a case of first impression in California. There is no controlling precedent. Courts in various states have arrived at differing conclusions with regards to the question of the existence of a duty by a testing laboratory to its drug test subjects.

A number of jurisdictions disagree with this District Court's finding that a testing laboratory owes a duty of care to the individuals tested. In the Texas Supreme Court's decision in *SmithKline Beecham Corp. v. Doe,* 903 W.2d 347 (Tex. 1995) the court held that a laboratory conducting drug testing under a contract with an employer has no relationship with, and thus, no duty to a prospective employee. (*SmithKline* at p. 356.)

In *Hammond v. City of Philadelphia,* 164 F. Supp. 2d 481, 483 (E.D. Pa. 2001), a police officer terminated from employment as a result of alleged drug use brought a claim against the drug testing company for negligence. Plaintiff asserted that defendant drug-testing company owed him a duty of care to: (1) properly maintain control of his urine sample to prevent tampering and contamination; (2) properly maintain testing devices for accurate testing; and (3) ensure that the tests were performed accurately. The court in *Hammond* held that, for negligence purposes, "[A] drug laboratory owes no duty of care to a customer's employee when it performs drug screening tests on the employee on behalf of the customer." (*Hammond* at p. 483, citing *Ney v. Axelrod*, 723 A.2d 719, 722 (Pa. Super. 1999); *Promubol v. Hackett*, 454 Pa. Super. 622, 686 (1996); *Tomko v. Marks,* 412 Pa.Super. 54 (1992); and *Elia v. Erie Ins. Exchange*, 398 Pa.Super. 4233 (1990).) The *Hammond* court explained its rationale for its ruling as follows:

> Drugscan tested plaintiff's urine on behalf of the Department. There are no allegations of any other relationship between Drugscan and Plaintiff. Drugscan owed no duty of care to plaintiff. In the absence of a duty of care, plaintiff cannot make out a negligence claim against Drugscan. (*Ibid.*)

Accordingly, the *Hammond* court dismissed the plaintiff's Complaint for failure to state a claim upon which relief could be granted. (*Hammond* at p. 484.)

In *Mission Petroleum Carriers, Inc. v. Solomon*, 106 S.W.3d 705 (2003) a truck driver who was terminated for failing a random drug test brought a negligence action against his former employer, alleging the employer failed to use ordinary care in collecting his urine specimen for testing. On the employer's Petition for Review, the Texas Supreme Court held that employers who conduct in-house urine specimen collection under Department of

Transportation regulations for random drug-testing of employees owe no duty of care to employees to conduct the drug test with reasonable care. (*Mission* at pp. 711-712.)

Two other cases which in which the courts have found no duty include *Herbert v. Placid Ref. Co.,* 564 So. 2d 371, 374 (La.Ct.App. 1990) [holding that a drug testing laboratory owes no duty of care to test subjects because its relationship is with the employer, not the employee] and *Ney v. Axelrod*, 723 A.2d 719, 722 (Pa.Super.Ct. 1999) [Holding that a drug retesting laboratory did not owe a prospective employee a duty of care].) In *Ney,* the court held ". . . we are not willing to create a theory of liability for negligent doctors or medical laboratories that have contracted with third parties for employment-related testing. Such causes of action do not identify a substantial harm to an identifiable and readily discernable class of plaintiffs such that we feel compelled to create liability based on a public policy rationale." (*Ney* at p. 722.)

Those courts which have addressed similar claims asserted by Plaintiffs in the instant matter, i.e., that a positive drug or alcohol test result was caused by a source other than the use of drugs or alcohol, have dismissed the claims, finding no legal owed by the testing laboratory to the person tested. See *Caputo v. Compuchem Labs, Inc*., 1994 WL 100084, aff'd 37 F.3d 1485 (3rd Cir. 1994); *Cooper v. Laboratory Corp. of Am. Holdings, Inc*. 150 F.3d 376 (4th Cir. 1998) (no duty to warn that fermentation of glucose in urine specimen may cause positive alcohol result; *Vargo v. National Exch. Carriers Ass'n, Inc*. 376 N.J. Super. 364, 380-82 (App.Div. 2005) (holding that a laboratory owes no duty to warn of potential alternate causes of positive drug test results.)

*Caputo, supra*, appears to be the only reported case involving an allegation by the plaintiff that the test cut-offs were too low. In that case, the court found that defendant testing laboratory owed no duty to plaintiff in connection with this allegation. In response to the plaintiff's argument that defendant chose too low a number for the baseline, positive screening cut-off, the court commented, "[C]onspicuously absent from plaintiff's argument, however, is any basis for imposing such a broad duty upon the defendant." Similarly absent from Plaintiffs' Complaint in the instant matter is any basis for imposing such a broad duty on NMS Labs. Thus, the same reasoning applied by the court in *Caputo* in arriving at its determination that defendant did not owe any duty of care is equally applicable to Plaintiffs' negligence claim against NMS Labs.

Moreover, there are a number of other related cases now pending in California and throughout the country that raise this very issue. A few of these cases have been referenced in the joint case management statement in the related case of *Wilson v. Compass Vision*, Case No.: 3:07-cv-03431 BZ; *Cleveland et al v. Compass Vision, Inc.*, Case No. CV 07 5642 (EDL), United States District Court for the Northern District of California. (Five plaintiffs)

*Quisenberry v. Compass Vision, Inc. and Quest Diagnostics, Inc., dba Northwest Toxicology,* Case No. 07-CV-01135-BEN-AJB, USDC for the Southern District of California.

*Gonzales v. Compass Vision, Inc., et al.*, Case No. 07 CV 1951 BEN AJB, United States District Court for the Southern District of California.(Nine plaintiffs)

*Nancy Clark v. FirstLab, Quest and NMS*, NO. 06-27461 Court of Common Pleas, Montgomery County, Pennsylvania.

*Boyer v. FirstLab and Quest*, NO. 07-11356 Court of Common Pleas, Montgomery County, Pennsylvania.

*Gately v. FirstLab and Quest,* NO. 07- 21354 Court of Common Pleas, Montgomery County, Pennsylvania.

*Berry v. NMS and Compass Vision,* Case No. 07-CV-0365 District Court of Johnson County, Kansas.

*D. Clark v. NMS and Compass Vision,* Case No. 08-CV- 0043 District Court of Johnson County, Kansas.

*Fernandez v. NMS and Compass Vision,* Case No. 07-CV-8668 District Court of Johnson County, Kansas.

*Grable v. NMS and Compass Vision,* No. 07-CV-9904 District Court of Johnson County, Kansas.

*Lampe v. NMS and Compass Vision,* No. 07-CV-6475 District Court of Johnson County, Kansas.

*Lorie Garlick, et al. v. Quest Diagnostics, Inc., et al.*, Case No. 06-cv-6244 (DMC) United States District Court for the District of New Jersey (Newark). Class action filed on December 27, 2006. (Fifteen named plaintiffs, including five plaintiffs from California.)

     In light of this it is clear that there is substantial basis for a difference of opinion exists as to this question of law, in California and beyond. The second requirement for permissive appeal pursuant to 28 U.S.C. § 1292(b) is therefore satisfied.

## V. AN IMMEDIATE APPEAL MAY MATERIALLY ADVANCE THE UNDERLYING LITIGATION

The third prerequisite for permissive appeal pursuant to § 1292(b) is the requirement that an immediate appeal may materially advance the ultimate termination of this litigation. Here a decision on the legal question of duty, if decided in defendant's favor, will end this litigation if the appellate court affirms this court's decision then this will provide instructive guidance to courts and parties in the numerous related cases. Therefore, in either instance an immediate appeal would material advance this underlying litigation and litigation involving other related cases.

## VI. CONCLUSION

For the foregoing reasons it is respectfully requested that this court issue an order certifying the order of February 29, 2008, for immediate appeal pursuant to 28 U.S.C. § 1292(b).

DATED: March 6, 2008

                                                  LAW OFFICES OF SAMUEL G. GRADER

                                                  /S/CHRISTIAN GREEN_____
                                                      Christian Green
                                                      Attorneys for Defendant
                                                      National Medical Services, Inc., D/B/A NMS Labs

CASE NO.: 3:07cv5642
_____
**PETITION FOR SECTION 1292(b) CERTIFICATION**
10

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE ELIZABETH CLEVELAND, CYNTHIA DANIELS, LAURA FUJISAWA, CAROLINE HOWE AND TRACEY MOORE,<br><br>          Plaintiffs,<br><br>     vs.<br><br>COMPASS VISION, INC. AND NATIONAL MEDICAL SERVICES, INC. D/B/A NMS LABS.<br><br>          Defendants. | Case No. 3:07cv5642 BZ<br><br>**[PROPOSED] ORDER**<br>[Fed. R Civ. P. 12(b)(6)]<br><br>Date:   April 16, 2008<br>Time:   10:00 a.m.<br>Crtrm:  G<br>Judge:  Bernard Zimmerman |

The court having reviewed the filings and the matter having been submitted IT IS HEREBY ORDERED that the ORDER OF FEBRUARY 29, 2008, is incorporated in its entirety and the court further makes the finding that the order involves a controlling question of law, as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of this litigation. The matter is therefore hereby certified for appeal pursuant to 28 U.S.C. § 1292(b).

   **IT IS SO ORDERED.**


Dated: _____
       _____
                                          Judge of the District Court

**CERTIFICATE OF SERVICE**

Matter:  Cleveland v. Compass Vision, Inc.
United States District Court, Northern District Case No.: 3:07-cv-5642 BZ

    I am a citizen of the United States, over the age of 18 years, and not a party to or interested in the within entitled cause. I am an employee of the Law Offices of Samuel G. Grader and my business address is 1860 Howe Avenue, Suite 350, Sacramento, California 95825. On this date, I served the following documents:

**DEFENDANT NMS LABS' REQUEST FOR CERTIFICATION PURSUANT TO 28 U.S.C. SECTION 1292(b)**

\_\_\_\_  by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid. I am readily familiar with our firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service at Sacramento, California, on the same day in the ordinary course of business. Said correspondence was addressed as set forth below.

 XX  by having a true copy of the documents listed above transmitted via email to the names, addresses via the US District Court, Northern District website.

\_\_\_\_\_  by causing personal delivery of a copy thereof to the person or the office of the person at the address listed below.

| **Attorney for Plaintiff** | **Attorney for Defendant Compass Vision, Inc.** |
|---|---|
| Joshua A. Ridless<br>Paul A. Moore, III<br>Law Offices of Joshua A. Ridless<br>244 California Street, Suite 300<br>San Francisco, CA 94111<br>Tel: 415-614-2600  Fx: 415-480-1398 | Catherine A. Salah<br>Gordon & Rees LLP<br>275 Batter Street, Suite 2000<br>San Francisco, CA 94111<br>Tx: 415-986-5900  Fx: 415-986-8054<br>Email: csalah@gordonrees.com |
| Norman Perlberger<br>Eliot Lewis<br>Pomerantz Perlberger & Lewis<br>700 Stephen Girard Bldg<br>Philadelphia, PA 19107<br>Tel: 215-569-8866 | |

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **March 6, 2008**, at Sacramento, California.

                                           /S/Deborah J. Weidle
                                           Deborah J. Weidle