Norman Perlberger, Esquire
nperlberger@ppl-law.com
Eliot H Lewis, Esquire
ehlewis@ppl-law.com
POMERANTZ PERLBERGER & LEWIS LLP
21 South 12th Street, 7th Floor
Philadelphia, PA 19107
Telephone: (215)   569-8866
Facsimile:  (215)   568-6511

Attorneys Pro Hac Vice for Plaintiffs,
Joanne Cleveland, et al

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE CLEVELAND, ET AL<br>　　　　Plaintiffs,<br><br>　vs.<br><br><br><br><br>COMPASS VISION, INC.; and<br>NATIONAL MEDICAL SERVICES,<br>INC., d/b/a NMS LABS,<br>　　　　Defendants | Case No. C07 CV 5642 BZ<br><br>Related Case No. C07 CV 3431<br><br>**PLAINTIFFS' CASE MANAGEMENT STATEMENT**<br><br>[Local Rule 16-9]<br><br>**Date:  March 24, 2008<br>Time   4:00 P.M.<br>Courtroom: G<br>Judge: Hon. Bernard Zimmerman** |

Pursuant to Local Rule 16-9, the parties having been unable to agree to a joint statement, Plaintiffs submit the following separate Case Management Statement. Plaintiffs' Declaration per Rule 16-9 (a) as to why a joint statement with the defendants was not reached is attached hereto.

　　　1.　　Jurisdiction and Service:

　　　Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. Section 1332(a).   Plaintiffs allege that for each plaintiff the damages exceed $75,000.

　　　 No other parties remain to be served.

　　　2.　　Facts:

　　　There are five plaintiffs. All plaintiffs allege that the defendants, Compass Vision and

NMS were proponents of EtG testing of urine for professionals in diversion programs and that they set the cutoffs and interpreted the test. The California Board of Nursing implemented EtG testing. The plaintiffs allege use of ordinary products containing alcohol would show positives at the cutoffs. Specifically as to each plaintiff:

(1)  Joanne Cleveland, a registered nurse, in or about March 2004, signed a recovery agreement with the California State Board of Nursing submitting herself to future random urine testing. Plaintiff alleges she was disciplined as a result of four false positives, from January through July of 2006. Her monetary losses to date total approximately $17,000.

(2)  Cynthia Daniels, a doctor of pharmacy, in or about July 2004, signed a recovery agreement with the California State Board of Pharmacy submitting herself to future random urine testing. Plaintiff alleges she was disciplined as a result of four false positives, from July 2006 through August of 2007. Her monetary losses to date total approximately $120,000.

(3)  Laura Fujisawa, a doctor of pharmacy, in or about January 2005, signed a recovery agreement with the California State Board of Pharmacy submitting herself to future random urine testing. Plaintiff alleges she was disciplined as a result of six false positives, from October 2006 through March of 2007. Her monetary losses to date total more than $105,000.

(4)  Caroline Howe, a registered nurse, in or about March 2005, signed a recovery agreement with the California State Board of Nursing submitting herself to future random urine testing. Plaintiff alleges she was disciplined as a result of seven false positives, from July 2006 through September 2007. Her monetary losses to date total approximately $45,000.

(5) Tracey Moore, a doctor of pharmacy, in or about November 2006, signed a recovery agreement with the California State Board of Pharmacy submitting herself to future random urine testing. Plaintiff alleges she was disciplined as a result of one false positive, in March 2007. Her monetary losses to date total approximately $4,000.

    3.    <u>Legal Issues</u>:

    a.    Plaintiffs assert that the defendants owed them as tested individuals, a duty to use reasonable care to avoid false positive drug and alcohol testing results.  Although Defendants' position is to the contrary, this Honorable Court has ruled twice, in its opinions in both this and the related *Wilson* case denying Defendants' Motions to Dismiss Plaintiff's negligence claims, that under California's balancing test set forth in *Rowland v. Christian,* 69 Cal.2d 108, 112-113 (Cal.1968), defendants owed Plaintiffs a duty of care.  In its *Wilson* Opinion, this Court stated, "Defendants' argument that promoting and conducting a flawed test is distinguishable from cases where laboratories mishandled test specimens or the reporting of test results, thereby negating their duty to Plaintiff, is unpersuasive.  [Citations omitted.]  Plaintiff alleges that defendants negligently set the EtG cut off level so low that plaintiff tested false positive twice." (Order dated December 27, 2007, citing approvingly the reasoning of District Court Judge Benitez in the related case of *Quisenberry v. Compass Vision*, et al., from the Southern District of California (Case No. 07CV1135, November 14, 2007), which cited as persuasive authority *Ishikawa v. Delta Airlines, Inc.,* 343 F.3rd 1129, 1134 (9th Cir. 2003.)  This Court also cited *Sharpe v. St. Luke's Hosp.*, 573 Pa. 90 (Pa. 2003),

*Stinson v. Physicians Immediate Care, Led*. 269 Ill, App.3rd 659 (1995) and *Duncan v. Afton, Inc.*, 991 P.2d 730 (Wyo. 1999.)

      b.     Plaintiffs contend that in addition to economic loss as a result of defendants' negligence, they are entitled to recover general damages for injury to their reputation and credibility as health care professionals, and the consequent humiliation and emotional distress.

      This Honorable Court has ruled in denying defendants' motions to dismiss that under, *Molien v. Kaiser Foundation Hospitals* 27 Cal. 3rd 916 (1980) and *In Re Dawson*, 390 F.3d 1139 (9th Cir. 2004), the "plaintiffs have pled sufficient facts to support their claims for emotional distress."

      c.     The parties dispute whether plaintiffs are entitled to punitive damages under Cal. Civ. Code § 3294.

      4.     <u>Motions</u>:

      a.     Prior Motions

Plaintiffs filed a Motion to Strike Defendants' Motions to Dismiss, which was denied. Defendants filed Motions to Dismiss pursuant to F. R. Civ. P. 12(b) (6), which were denied.

      b.     Anticipated Motions

It is plaintiffs' counsel's understanding that the Court has sua sponte consolidated the related cases for trial and discovery. Therefore, no other motions are anticipated by plaintiffs.

      5.     <u>Amendment of Pleadings</u>:

Plaintiffs filed an Amended Complaint on January 9, 2008. No other amendments are anticipated at this time.

6. <u>Evidence Preservation</u>:

Plaintiffs request preservation of inter and intra-company emails concerning the interpretation of EtG testing and any questions concerning it.

7. <u>Disclosures</u>:

The parties have not yet served their initial disclosures since, pursuant to Fed. R. Civ. P. 26(D) the time for doing has not yet occurred (14 days after the instant Conference.)

8. <u>Discovery</u>:

No discovery has taken place. Plaintiffs anticipate the following discovery in the consolidated related cases: Depositions of designees from both defendants concerning EtG testing, promotion and sale of EtG testing, research and establishment of cut-offs for positive results of EtG testing, and their involvement in EtG testing in California. Depositions of Kim McKown, owner of Compass Vision, Martha Brown, MRO from Compass Vision. Deposition of CEO and Medical Director of NMS and Dr. Edward John Barbieri, NMS lab director and forensic toxicologist. Plaintiffs will also depose the person most knowledgeable from the California State Nursing Board on how EtG testing started in California. Further Plaintiffs anticipate serving both defendants with written discovery, namely interrogatories, request for documents, and requests for admissions

Plaintiffs propose to the court the following discovery plan:

The parties will exchange by March 31, 2008 the information required by FRCP 26(a)(1) [Initial Disclosure].

Discovery will be needed on the following subjects:

Defendants' history and involvement with EtG testing and providing EtG testing services to the California State Board of Nursing. Defendants' representations concerning the efficacy of Etg testing and what research and scientific data was depended on for said representations. Plaintiff's background, including history of alcohol consumption,

Case No. C07 CV 5642 BZ
**PLAINTIFFS' CASE MANAGEMENT STATEMENT**

involvement in the drug recovery program and testing and reporting methods implemented on her samples. Plaintiff's claimed injuries and damages. This discovery will be completed with written and deposition discovery as set forth more specifically above.

All non-expert discovery will be commenced so as to be completed by 60 days prior to trial.

Maximum of 35 interrogatories by each party to any other party, responses due 30 days after service.

Maximum of 20 requests for admission by each party to any other party, responses due 30 days after service.

Maximum of 10 depositions by plaintiff and 10 depositions in total by defendants.

9. <u>Class Actions</u>:

Not applicable.

10. <u>Related Cases</u>:

*Wilson v. Compass Vision, Inc.*, Case No. CV 07 3431 (BZ), United States District Court for the Northern District of California.

*Quisenberry v. Compass Vision, Inc. and Quest Diagnostics, Inc., dba Northwest Toxicology,* Case No. 07-CV-01135-BEN-AJB, USDC for the Southern District of California.

*Gonzales v. Compass Vision, Inc., et al*., Case No. 07 CV 1951 BEN AJB, United States District Court for the Southern District of California.(Nine plaintiffs)

*Nancy Clark v. FirstLab, Quest and NMS*, NO. 06-27461 Court of Common Pleas, Montgomery County, Pennsylvania.

*Boyer v. FirstLab and Quest*, NO. 07-11356 Court of Common Pleas, Montgomery County, Pennsylvania.

*Gately v. FirstLab and Quest,* NO. 07- 21354 Court of Common Pleas, Montgomery County, Pennsylvania.

---

Case No. C07 CV 5642 BZ

**PLAINTIFFS' CASE MANAGEMENT STATEMENT**

*Berry v. NMS and Compass Vision,* Case No. 07-CV-0365 District Court of Johnson County, Kansas.

*D. Clark v. NMS and Compass Vision,* Case No. 08-CV- 0043 District Court of Johnson County, Kansas.

*Fernandez v. NMS and Compass Vision,* Case No. 07-CV-8668 District Court of Johnson County, Kansas.

*Grable v. NMS and Compass Vision,* No. 07-CV-9904 District Court of Johnson County, Kansas.

*Lampe v. NMS and Compass Vision,* No. 07-CV-6475 District Court of Johnson County, Kansas.

*Lorie Garlick, et al. v. Quest Diagnostics, Inc., et al.*, Case No. 06-cv-6244 (DMC) United States District Court for the District of New Jersey (Newark).  Class action filed on December 27, 2006. (Fifteen named plaintiffs, including five plaintiffs from California.)

    11.    <u>Relief</u>:

Plaintiffs seeks monetary damages for loss of income, future loss of income, additional costs of recovery program caused by false positive tests, damages to professional reputation and credibility, and humiliation and emotional distress as a consequence of injury to reputation and from apprehension of further false positives.

    12.    <u>Settlement and ADR</u>:

Plaintiffs are agreeable to settlement discussions and mediation.

    13.    <u>Consent to Magistrate Judge For All Purposes</u>:

Plaintiffs consent.

    14.    <u>Other References</u>:

This EtG action and the other Northern District related EtG action, totaling six plaintiffs, may be suitable for Multidistrict Litigation with the two related EtG actions

including 10 plaintiffs in the Southern District. Plaintiffs' counsel is to advise the Court at this Conference concerning the election to proceed.

15. <u>Narrowing of Issues</u>:

Will be addressed after discovery.

16. <u>Expedited Schedule</u>:

Plaintiffs do not believe that the case is amenable to an expedited schedule.

17. <u>Scheduling</u>:

All discovery to be completed by September 28, 2008.

Reports from retained experts under Rule 26(a)(2) due: Plaintiffs Expert reports by October 28, 2008. Defendant Expert reports by November 28, 2008. Expert depositions by December, 28, 2008. Summary Judgment Motions by December 28, 2008. Pretrial Conference by February 19, 2009, Trial by March 16, 2009.

18. <u>Trial</u>:

Jury trial. Plaintiffs request a Trial date in March 2009. It is expected that trial will last 15-20 court days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:

None for plaintiffs

20. <u>Other Matters</u>:

None.

Dated: March 12, 2008

                                                  Pomerantz Perlberger & Lewis LLP

                                                  By: _____/S/_____
                                                      Norman Perlberger
                                                      Eliot H. Lewis
                                                      Attorneys Pro Hac Vice For Plaintiffs