Norman Perlberger, Esquire
Eliot H. Lewis, Esquire                                    Attorneys Pro Hac Vice for Plaintiff
POMERANTZ PERLBERGER & LEWIS LLP
21 South 12th Street, 7th Floor
Philadelphia, PA 19107
(215)   569-8866
nperlberger@ppl-law.com
ehlewis@ppl-law.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOANNE ELIZABETH CLEVELAND, CYNTHIA DANIELS, LAURA FUJISAWA, CAROLINE HOWE and TRACEY MOORE         Plaintiffs | : : : : : : | CASE NO. CV 07 5642 BZ |
| vs. | : : : | **PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO F.R.C.P. 26** |
| COMPASS VISION, INC. and NATIONAL MEDICAL SERVICES, INC. D/B/A NMS LABS | : : : | |

### PLAINTIFFS' RULE 26 (a) (1) DISCLOSURE STATEMENT

AND NOW, pursuant to Federal Rule of Civil Procedure 26 (a), comes plaintiffs by and through their attorneys pro hac vice, Pomerantz Perlberger & Lewis LLP and initially disclose as follows: Plaintiffs hereby provide the initial disclosures required by Federal Rule of Civil Procedure 26 (a) (1). These disclosures are based on information reasonably available to the plaintiffs as of the date these disclosures are served. By making these disclosures, the plaintiff does not represent that they are identifying every document, tangible thing, or witness possibly relevant to this lawsuit. The plaintiffs expressly reserves the right to supplement these disclosures as necessary and as permitted by Federal Rule of Civil Procedure 26 (e).

I.      FIRST PLAINTIFF: JOANNE ELIZABETH CLEVELAND

(A)     Persons Reasonably Likely to Have Discoverable Information
        Concerning Claims and Defenses:

        1.      Joanne Elizabeth Cleveland - 1745 Rodgers Rd., Hanford, California  93230

Ms. Cleveland is the plaintiff and has discoverable information pertaining to the claims and/or defenses.

        2.      Mary Hegarty – c/o California Board of Registered Nursing

Ms. Hegarty was the Diversion Evaluation Committee (DEC) consultant for Joanne Elizabeth Cleveland and may have discoverable information pertaining to the claims and/or defenses.

        3.      Joanie Kosakoski - c/o Maximus

Ms. Kosakoski was the Case Manager for Joanne Elizabeth Cleveland in 2005 and may have discoverable information pertaining to the claims and/or defenses.

        4.      Dr. Gregory Skipper - 19 S. Jackson St., Montgomery, Alabama 36104

Dr. Skipper introduced Etg testing in the United States and has discoverable information pertaining to the claims and/or defenses.

        5.      Dr. Martha E. Brown c/o defendant Compass Vision

Dr. Brown was the Medical Review Officer (MRO) provided by defendant Compass Vision to California nurses, including plaintiff and has discoverable information pertaining to the claims and/or defenses.

        6.      Dr. H. Westley Clark c/o SAMHSA

Dr. Clark is Director of the Center for Substance Abuse Treatment under the Substance Abuse and Mental Health Services Administration, (SAMHSA), U.S. Department of Health and Human Services, and has discoverable information pertaining to the claims and/or defenses.

        7.      Kelli Johnson – 11962 Excelsior Ave., Hanford, California 93230

Ms. Johnson was Ms. Cleveland's manager and worksite monitor at her employment from January 2005 until September 2005 and may have discoverable information pertaining to the claims and/or defenses.

        8.      Gladys Barnes - 1025 North Douty St, Hanford, California 93230

Ms. Barnes is Ms. Cleveland's present manager and worksite monitor at her employment and was so when the positive EtG testing occurred and may have discoverable information pertaining to the claims and/or defenses.

      9.      Wayne Ctibor and Ruben Rojas c/o California Board of Registered Nursing

Mr. Ctibor and Mr. Rojas are the Nursing Support Group Facilitators for Joanne Elizabeth Cleveland and may have discoverable information pertaining to the claims and/or defenses.

      10.      Dr. Daniel Engeberg – 1105 N Douty St., Hanford, California 93230

Dr. Engeberg is the family physician of Joanne Elizabeth Cleveland and may have discoverable information pertaining to the claims and/or defenses.

      11.      Holly Navarro - 1434 Belmont St., Porterville, CA 93257

Ms. Navarro is a fellow nurse who was in the support group with Joanne Elizabeth Cleveland and may have discoverable information pertaining to the claims and/or defenses.

      12.      Kathy Vickers - 1222 Williams St., Hanford, California 93230

Ms. Vickers is a friend of Joanne Elizabeth Cleveland and may have discoverable information pertaining to the claims and/or defenses.

      13.      Christine Connor - PO Box 1325, Discovery Bay, CA 94505

Ms. Connor is a friend of Joanne Elizabeth Cleveland and may have discoverable information pertaining to the claims and/or defenses.

      14.      Mariann Fagunes – c/o California Board of Registered Nursing

Ms. Fagunes is the probation monitor for Joanne Elizabeth Cleveland since December 29, 2007 and may have discoverable information pertaining to the claims and/or defenses.

      15.      Barry Bennett, Esquire – 2444 Main St., Suite 110, Fresno, California 93721

Mr. Bennett represented Joanne Elizabeth Cleveland in relation to the EtG testing and probation and may have discoverable information pertaining to the claims and/or defenses.

      16.      Dr. Guzetta – 724 Medical Center Dr. East, Clovis, California 93611

Dr. Guzetta is an addictionologist seen by Joanne Elizabeth Cleveland as required by her probation and may have discoverable information pertaining to the claims and/or defenses.

      17.      Ms. Cleveland's family in and around Hanford, California may have discoverable information pertaining to the claims and/or defenses.

Plaintiff reserves the right to call as a witness any person disclosed by other parties.

(B) <u>Relevant non-privileged documents, data, compilations and tangible things in the possession, custody and/or control of Plaintiff</u>

1. Ethyl Glucuronide (Etg) FAQs web page of defendant NMS Labs.

2. National Medical Services Ethyl Glucuronide Test Announcement

3. Abstract #152 "Ethyl Glucuronide levels in Urine" co-authored by Martha E. Brown.

4. Transcription of portions of SAMHSA meeting of 9/20/06.

5. Dr Skipper EtG Memo of 8/15/2005.

6. SAMHSA Advisory of September 2006.

7. Letters to and from California Governor Schwarzenegger and the California Board of Consumer Affairs.

8. Documents kept by Ms. Cleveland pertaining to her diversion program, probation, recovery and employment. Includes contracts, addendums, lab receipts, correspondence with Maximus and the California Nursing Board. Also employment documents.

Plaintiff reserves the right to use as an exhibit any document disclosed by other parties.

(C.) <u>Computation of Damages</u>

Ms. Cleveland missed approximately 4 weeks of work because of her positive EtG tests in December 2005 and June and July of 2006. She was making approx. $3300/biweekly. Her actual loss of income was $6600. (Some of this loss was in vacation time.)

She had to pay $50 for the MRO and estimates $800 for increased testing after the positives. She paid $300 for polygraph to prove her innocence and $6600 in attorney fees. She still owes another $900 to her attorney. For additional evaluations she paid $520. Her past out of pockets are therefore approx. $14,870.

In probation for 3 years and will have to pay $5000 in order Positive EtG testing during probation can result in the loss of her license. She will also have approx 18 tests per year over the next three years costing approx $3000, that she would not have had to do but for being violated because of EtG. Unless she has future EtG positives, she will have $8900 more expense. She also cannot further her education in nursing to earn higher income because of her probationary status.

Ms. Cleveland also seeks compensation for injury to her reputation, credibility and the permanent stain on her nursing license, as well as the humiliation and anxiety caused by the EtG testing.

## II.   SECOND PLAINTIFF: CYNTHIA DANIELS

(A)   <u>Persons Reasonably Likely to Have Discoverable Information Concerning Claims and Defenses:</u>

     1.   Cynthia Daniels - 2033 Meridian Way, Rocklin, California 95765

Dr. Daniels is the plaintiff and has discoverable information pertaining to the claims and/or defenses

     2.   Ann Sodegran and Rick Iknoian c/o California Board of Pharmacy

Ms. Sodegran is on the Board of Pharmacy and Mr. Iknoian is an inspector for the Board and they may have discoverable information pertaining to the claims and/or defenses.

     3.   Nancy Kessler, Ann Mireles and Don Fensterman - c/o Maximus

Ms. Kessler, Ms. Mireles and Mr. Fensterman are case managers for Cynthia Daniels and may have discoverable information pertaining to the claims and/or defenses.

     4.   Dr. Gregory Skipper - 19 S. Jackson St., Montgomery, Alabama 36104

Dr. Skipper introduced Etg testing in the United States and has discoverable information pertaining to the claims and/or defenses.

     5.   Dr. Martha E. Brown c/o defendant Compass Vision

Dr. Brown was the Medical Review Officer (MRO) provided by defendant Compass Vision to California nurses, including plaintiff and has discoverable information pertaining to the claims and/or defenses.

     6.   Dr. H. Westley Clark c/o SAMHSA

Dr. Clark is Director of the Center for Substance Abuse Treatment under the Substance Abuse and Mental Health Services Administration, (SAMHSA), U.S. Department of Health and Human Services, and has discoverable information pertaining to the claims and/or defenses.

     7.   April Morgan – PO Box 4541, Auburn, California 95603

Ms. Morgan is the sponsor for Dr. Daniels' recovery and may have discoverable information pertaining to the claims and/or defenses.

     8.   Gabe Leung – 602 10th St., Marysville, California 95901

Mr. Leung is a current co-worker and worksite monitor for Dr. Daniels and may have discoverable information pertaining to the claims and/or defenses.

      9.      Francine Farrell – 2740 Fulton Ave., Sacramento, California 95819

Ms. Farrell is the Support Group Facilitator for Dr. Daniels and may have discoverable information pertaining to the claims and/or defenses.

      10.      Dr. Denise Olin-Hrbek – Auburn, California

Dr. Olin- Hrbek is a therapist seen by Dr. Daniels and may have discoverable information pertaining to the claims and/or defenses.

      11.      Dr. Michael S. Parr – 1005 40th St, Sacramento, California 95819

Dr. Parr is an Addiction Medicine physician seen by Dr. Daniels and may have discoverable information pertaining to the claims and/or defenses.

      12.      Lisa Madden – 11564 "C" Ave., Auburn, California 95603

Ms. Madden is the probation officer for Dr. Daniels and may have discoverable information pertaining to the claims and/or defenses.

      13.      Dennis Carter - 2033 Meridian Way, Rocklin, California 95765

Mr. Carter is the fiancé of Dr. Daniels and may have discoverable information pertaining to the claims and/or defenses.

      14.      Scott Carter and Neal Dodson – 8054 Kirkton Ct., Sacramento, California 95828

Mr. Carter and Mr. Dodson are friends of Dr. Daniels and may have discoverable information pertaining to the claims and/or defenses.

      15.      Brian Sheppley, Van and Cindy Palacio and Lydia Rosales – addresses to be supplied.

Mr. Sheppley, Mr. and Mrs. Palacio and Ms. Rosales are friends of Dr. Daniels and may have discoverable information pertaining to the claims and/or defenses.

      16.      Jane Pupillo – 3611 Bruce Drive SE, Warren, Ohio 44484

Ms. Pupillo is the mother of Dr. Daniels and may have discoverable information pertaining to the claims and/or defenses.

Plaintiff reserves the right to call as a witness any person disclosed by other parties.

(B)    <u>Relevant non-privileged documents, data, compilations and tangible things in the possession, custody and/or control of Plaintiff</u>

    1. Ethyl Glucuronide (Etg) FAQs web page of defendant NMS Labs.

2. National Medical Services Ethyl Glucuronide Test Announcement

3. Abstract #152 "Ethyl Glucuronide levels in Urine" co-authored by Martha E. Brown.

4. Transcription of portions of SAMHSA meeting of 9/20/06.

5. Dr Skipper EtG Memo of 8/15/2005.

6. SAMHSA Advisory of September 2006.

7. Documents kept by Dr. Daniels pertaining to her diversion program, probation, recovery and employment. Includes contracts, addendums, lab receipts, correspondence with Maximus, California Pharmacy Board, her therapist, the investigator. Also employment documents and Diversion monthly self reports.

8. Cornerstone Recovery Home and California Family Fitness have records of Dr. Daniels service work when she was not allowed to work and workout programs.

Plaintiff reserves the right to use as an exhibit any document disclosed by other parties.

(C.)    Computation of Damages

Dr. Daniels missed approximately 1 year of work because of her positive EtG tests in July 2006 through August 2007. She was making $117,520/year.

She also lost 401k interest and penalties of approx. $18,000. Her MRO expense was $150.

Her additional program costs included an additional year of testing, program fees, support group fees, mandatory private counseling, travel, and additional testing and amount to approximately $11,000.

Her past out of pocket losses are therefore approx. $146,670.

Future losses: Even should there be no future EtG positives, Dr. Daniels has continuous interest loss on the $78,485 she was forced to withdraw from her 401k plan as well continued additional program expenses.

Dr. Daniels also seeks compensation for injury to her reputation, credibility and the threat of a permanent stain on her pharmacy license, as well as the humiliation and anxiety caused by the EtG testing.

### III.  THIRD PLAINTIFF: LAURA FUJISAWA

(A)  <u>Persons Reasonably Likely to Have Discoverable Information Concerning Claims and Defenses:</u>

    1.    Laura Fujisawa – 991 Kings Drive Circle, Reedley, California 93654

Dr. Fujisawa is the plaintiff and has discoverable information pertaining to the claims and/or defenses

    2.    Ken Harris, Esquire c/o California State Attorney General

Mr. Harris is the prosecuting attorney in the proceedings against Laura Fujisawa to revoke her pharmacy license and may have discoverable information pertaining to the claims and/or defenses.

    3.    Nancy Kessler - c/o Maximus

Ms. Kessler was the Case Manager for Laura Fujisawa and may have discoverable information pertaining to the claims and/or defenses.

    4.    Dr. Gregory Skipper - 19 S. Jackson St., Montgomery, Alabama 36104

Dr. Skipper introduced Etg testing in the United States and has discoverable information pertaining to the claims and/or defenses.

    5.    Dr. Martha E. Brown c/o defendant Compass Vision

Dr. Brown was the Medical Review Officer (MRO) provided by defendant Compass Vision to California nurses, including plaintiff and has discoverable information pertaining to the claims and/or defenses.

    6.    Dr. H. Westley Clark c/o SAMHSA

Dr. Clark is Director of the Center for Substance Abuse Treatment under the Substance Abuse and Mental Health Services Administration, (SAMHSA), U.S. Department of Health and Human Services, and has discoverable information pertaining to the claims and/or defenses.

    7.    Nancy K. – Kingsburg, California

Nancy K. is the sponsor for Dr. Fujisawa's recovery and may have discoverable information pertaining to the claims and/or defenses.

    8.    Melissa Flores – Tulare, California

Ms. Flores is the supervisor of at her present employment at County of Tulare as eligibility worker since February 2006 and may have discoverable information pertaining to the claims and/or defenses.

    9.     Moses Cazares – Farmersville, CA and Maribel Salinas – Kingsburg, CA

Mr. Cazares and Ms. Salinas are current co-workers of Laura Fujisawa and may have discoverable information pertaining to the claims and/or defenses.

    10.     Adolph Medrano – 1822 Jensen Ave. Suite 102, Sanger, CA 93657

Mr. Medrano is the current outpatient treatment facilitator for Laura Fujisawa and may have discoverable information pertaining to the claims and/or defenses.

    11.     Les Lucas – 624 Woodworth Ave., Clovis CA 93612

Mr. Lucas was the Laura Fujisawa's support group facilitator when she was in diversion from 2005 to March 2007 when her program was terminated and may have discoverable information pertaining to the claims and/or defenses.

    12.     Julie McComb, Esquire – 915 L. St., Suite 1000, Sacramento, CA 95814

Ms. McComb is Laura Fujisawa's attorney and may have discoverable information pertaining to the claims and/or defenses.

    13.     Keith Lorang – Kingsburg, CA and Ron Ruminson – Dinuba, CA

Mr. Lorang and Mr. Ruminson were in Laura Fujisawa's diversion group and may have discoverable information pertaining to the claims and/or defenses.

    14.     Nancy Kadowaki – Los Angeles, CA

Ms. Kadowaki is the sister of Laura Fujisawa and may have discoverable information pertaining to the claims and/or defenses.

Plaintiff reserves the right to call as a witness any person disclosed by other parties.

(B)     <u>Relevant non-privileged documents, data, compilations and tangible things in the possession, custody and/or control of Plaintiff</u>

1. Ethyl Glucuronide (Etg) FAQs web page of defendant NMS Labs.

2. National Medical Services Ethyl Glucuronide Test Announcement

3. Abstract #152 "Ethyl Glucuronide levels in Urine" co-authored by Martha E. Brown.

4. Transcription of portions of SAMHSA meeting of 9/20/06.

5. Dr Skipper EtG Memo of 8/15/2005.

6. SAMHSA Advisory of September 2006.

7. Documents kept by Dr. Fujisawa pertaining to her diversion program, probation, recovery and employment. Includes contracts, addendums, lab receipts, correspondence with Maximus, California Pharmacy Board, her therapist, the investigator. Also employment documents and Diversion monthly self reports.

Plaintiff reserves the right to use as an exhibit any document disclosed by other parties.

(C.)   Computation of Damages

Dr. Fujisawa has missed the opportunity to work as a pharmacist for approx. 1.5 years, since September 2006, because of her "positive EtG tests of September 2006 through March 2007. She would have been able to make approx. $145,600 /year. ($70/hr) She did have other non pharmacy employment making approx. $29,000. Her actual past loss of wages is 1.5years x ($145,600 - $29,000) $116600 = $174,900.

She had an MRO fee of $50. Since being terminated from the Diversion Program in 3/07, her additional costs to fight revocation proceedings against her pharmacy license including attorney fees of $5000 and additional testing and outpatient treatment of Approx $2750 have been $7750.

Her past out of pocket losses are therefore approx. $182,700.

Future losses: Dr. Fujisawa's lost wages and her costs of outpatient treatment, testing and attorney fees are ongoing. Dr. Fujisawa now owes attorneys fees of approx. $4000 additional and will have an unknown amount of future expenses for representation and expert witnesses at her revocation hearing tentatively scheduled May 5-6, 2008.

Dr. Fujisawa also seeks compensation for injury to her reputation, credibility and the permanent stain on her pharmacy license, as well as the humiliation and anxiety caused by the EtG testing.

**IV.   FOURTH PLAINTIFF: CAROLINE HOWE**

(A)   Persons Reasonably Likely to Have Discoverable Information
       Concerning Claims and Defenses:

1.   Caroline Howe – 4364 Steele St.., Oakland, California  94619

Ms. Howe is the plaintiff and has discoverable information pertaining to the claims and/or defenses.

2.   Alice ( will supply surname) – c/o California Board of Registered Nursing

Alice was a Diversion Evaluation Committee (DEC) consultant for Caroline Howe and may have discoverable information pertaining to the claims and/or defenses.

      3.     Sandra Meadows - c/o Maximus

Ms. Meadows was the Case Manager for Caroline Howe in 2006-2007 and may have discoverable information pertaining to the claims and/or defenses.

      4.     Dr. Gregory Skipper - 19 S. Jackson St., Montgomery, Alabama 36104

Dr. Skipper introduced Etg testing in the United States and has discoverable information pertaining to the claims and/or defenses.

      5.     Dr. Martha E. Brown c/o defendant Compass Vision

Dr. Brown was the Medical Review Officer (MRO) provided by defendant Compass Vision to California nurses, including plaintiff and has discoverable information pertaining to the claims and/or defenses.

      6.     Dr. H. Westley Clark c/o SAMHSA

Dr. Clark is Director of the Center for Substance Abuse Treatment under the Substance Abuse and Mental Health Services Administration, (SAMHSA), U.S. Department of Health and Human Services, and has discoverable information pertaining to the claims and/or defenses.

      7.     Jessika Duran

Ms. Duran is the sponsor for Ms. Howe's recovery and may have discoverable information pertaining to the claims and/or defenses.

      8.     Mary (Molly) Shirk c/o East Bay Nurses Group – 2646 Truman Ave, Oakland CA 94605

Ms. Shirk is the Nursing Support Group Facilitator for Caroline Howe and may have discoverable information pertaining to the claims and/or defenses.

      9.     Dr. Charles Connor c/o MPI Treatment Services – 3012 Summit St. Oakland, CA 94609

Dr. Connor is the medical director of MPI Treatment Services and may have discoverable information pertaining to the claims and/or defenses.

      10.    Tom Morin, Richard Christian and Odell Patton c/o MPI Treatment Services

Mr. Morin, Mr. Christian and Mr. Patton are group leaders and/or facilitators and/or client care specialists at MPI Treatment Services and may have discoverable information pertaining to the claims and/or defenses.

PLAINTIFFS FRCP 26(a) INITIAL DISCLOSURES                               NO. C07-5642 BZ

      11.     Nelson Parson c/o Alameda County Medical Center, Oakland, CA 94602

Mr Parson is a Substance Abuse Counselor who was seen by Caroline Howe and may have discoverable information pertaining to the claims and/or defenses.

      12.     Mary C. Magee – 2656 Bryant St., San Francisco, CA 94110

Ms. Magee was a coworker and is a friend of Caroline Howe and may have discoverable information pertaining to the claims and/or defenses.

      13.     Bruce Pavlik, Professor of Biology c/o Mills College

Mr. Pavlik is a friend of Caroline Howe and may have discoverable information pertaining to the claims and/or defenses.

      14.     Ginny Angerer c/o American Red Cross, Claremont Ave., Oakland CA

Ms. Angerer was the supervisor and work site monitor of Caroline Howe in 2006 and 2007 when Ms. Howe tested positive for EtG and may have discoverable information pertaining to the claims and/or defenses.

      15.     Lynn Suer, Ph.D. – 3170 Robinson Drive, Oakland CA 94602

Dr. Suer is a friend of Caroline Howe and may have discoverable information pertaining to the claims and/or defenses.

Plaintiff reserves the right to call as a witness any person disclosed by other parties.

(B)    <u>Relevant non-privileged documents, data, compilations and tangible things in the possession, custody and/or control of Plaintiff</u>

    1.  Ethyl Glucuronide (Etg) FAQs web page of defendant NMS Labs.

    2.  National Medical Services Ethyl Glucuronide Test Announcement

    3.  Abstract #152 "Ethyl Glucuronide levels in Urine" co-authored by Martha E. Brown.

    4.  Transcription of portions of SAMHSA meeting of 9/20/06.

    5.  Dr Skipper EtG Memo of 8/15/2005.

    6.  SAMHSA Advisory of September 2006.

    7.  Documents kept by Ms. Howe pertaining to her diversion program, recovery and employment. Includes contracts, addendums, lab receipts, correspondence with Maximus, California Nursing Board. Also employment documents and Diversion monthly self reports.

8. Correspondence and email from and/or to some of the persons listed as having or possibly having discoverable information.

Plaintiff reserves the right to use as an exhibit any document disclosed by other parties.

(C.)    Computation of Damages

Ms. Howe was forced to quit her position with the American Red Cross on September 11, 2007. She had missed approximately 11 weeks of work there prior to September 11, 2007 because of her positive EtG tests in July 2006 through September 2007. In January 2007 she was also not allowed to take a nursing position at Kaiser South San Francisco that paid $720 more than the $1200/week she was making at the Red Cross. On December 4, 2007 she found a position at the Alameda County medical center that pays approx. $1920/week. On December 13, 2007 she was terminated from her diversion program because of the EtG tests.

Her past loss of income is 11weeks x $1200/week = $13,200 prior to September 11, 2007. From January 9, 2007 to September 11 2007, 34 weeks x $720/week = $24,480. From September 11, 2007 to December 4, 2007, 12 weeks x $1920/week = $23,040 for a total of $60,720.

She had to pay $100 for the MRO, estimates $3000 for increased testing after the positives and $2000 for additional treatment costs while still in diversion.

Her past out of pockets are therefore approx. $65,820

From the experience of others in her situation, she expects in 2008 or 2009 to be put on probation for 3-5 years and again have to test with probation costs of $500 to $10,000. Positive EtG testing during probation can result in the loss of her license. Her present manager does not know that she was terminated from her diversion program. Her present job could be in jeopardy when she is placed on probation.

Ms. Howe also seeks compensation for injury to her reputation, credibility, the permanent stain on her nursing license, as well as the humiliation and anxiety caused by the EtG testing.

V.      FIFTH PLAINTIFF: TRACEY MOORE

(A)     Persons Reasonably Likely to Have Discoverable Information
        Concerning Claims and Defenses:

1. Tracey Moore – 2535 Hogan Drive, Turlock, California 95380

Dr. Moore is the plaintiff and has discoverable information pertaining to the claims and/or defenses

2. Ann Sodegran and Joan Coyne c/o California Board of Pharmacy

Ms. Sodegran and Ms. Coyne, chief inspector, were with the Board of Pharmacy and may have discoverable information pertaining to the claims and/or defenses.

3. Nancy Kessler, Ann Mireles and Don Fensterman - c/o Maximus

Ms. Kessler, Ms. Mireles and Mr. Fensterman are case managers for Tracey Moore and may have discoverable information pertaining to the claims and/or defenses.

4. Dr. Gregory Skipper - 19 S. Jackson St., Montgomery, Alabama 36104

Dr. Skipper introduced Etg testing in the United States and has discoverable information pertaining to the claims and/or defenses.

5. Dr. Martha E. Brown c/o defendant Compass Vision

Dr. Brown was the Medical Review Officer (MRO) provided by defendant Compass Vision to California nurses, including plaintiff and has discoverable information pertaining to the claims and/or defenses.

6. Dr. H. Westley Clark c/o SAMHSA

Dr. Clark is Director of the Center for Substance Abuse Treatment under the Substance Abuse and Mental Health Services Administration, (SAMHSA), U.S. Department of Health and Human Services, and has discoverable information pertaining to the claims and/or defenses.

7. Mary Donovan – 1934 California St., Turlock, CA 95382

Ms. Donovan is the sponsor for Dr. Moore's recovery and may have discoverable information pertaining to the claims and/or defenses.

8. Norman Fox c/o Emmanuel Hospital, Turlock CA 95380

Dr. Fox is the Director of Pharmacy and was the supervisor and work site monitor when Tracey Moore tested positive for EtG in March 2007 and may have discoverable information pertaining to the claims and/or defenses.

9. James Hurley Modesto CA

Mr. Hurley was the therapist for Tracey Moore at the time when Tracey Moore tested positive for EtG in March 2007 and may have discoverable information pertaining to the claims and/or defenses.

10. Pam Davis c/o Maximus

Ms. Davis was Group Facilitator at the time when Tracey Moore tested positive for EtG in March 2007 and may have discoverable information pertaining to the claims and/or defenses.

14

11. Dr Robert Craig c/o Emmanuel Hospital, Turlock CA 95380

Dr Craig was in the diversion group of Tracey Moore and may have discoverable information pertaining to the claims and/or defenses.

12. Dr. Ken Schell c/o California Board of Pharmacy

Dr. Schell is a friend of Tracey Moore and may have discoverable information pertaining to the claims and/or defenses.

13. Family and other friends will be supplied later.

Plaintiff reserves the right to call as a witness any person disclosed by other parties.


(B) <u>Relevant non-privileged documents, data, compilations and tangible things in the possession, custody and/or control of Plaintiff</u>

1. Ethyl Glucuronide (Etg) FAQs web page of defendant NMS Labs.

2. National Medical Services Ethyl Glucuronide Test Announcement

3. Abstract #152 "Ethyl Glucuronide levels in Urine" co-authored by Martha E. Brown.

4. Transcription of portions of SAMHSA meeting of 9/20/06.

5. Dr Skipper EtG Memo of 8/15/2005.

6. SAMHSA Advisory of September 2006.

7. Documents kept by Dr. Moore pertaining to her diversion program, probation, recovery and employment. Includes contracts, addendums, lab receipts, correspondence with Maximus, California Pharmacy Board, her therapist, the investigator. Also employment documents and Diversion monthly self reports.

8. Diaries or journals of Dr. Moore's EtG experiences

Plaintiff reserves the right to use as an exhibit any document disclosed by other parties.

(C.) <u>Computation of Damages</u>

Dr. Moore missed 1 week of work because of her "positive EtG test of March 2007. She was making $1799/week.

Her additional program costs of approx. $6000 included additional testing and evaluations and approx $5200 for mandated therapy.

Her past out of pocket losses are therefore approx. $12,999

Future losses: Even should there be no future EtG positives, Dr. Moore's additional costs of outpatient treatment and testing are ongoing.

Dr. Moore also seeks compensation for injury to her reputation, credibility and the permanent stain on her pharmacy license, as well as the humiliation and anxiety caused by the EtG testing.


Dated: April 1, 2008                                   Respectfully submitted,

                                                       POMERANTZ PERLBERGER & LEWIS LLP

                                                       ___/s/_____
                                                       BY: NORMAN PERLBERGER, ESQUIRE
                                                            ELIOT H. LEWIS, ESQUIRE
                                                            Attorneys Pro Hac Vice for Plaintiff

Norman Perlberger, Esquire
Eliot H. Lewis, Esquire                                  Attorneys Pro Hac Vice for Plaintiffs
POMERANTZ PERLBERGER & LEWIS LLP
21 South 12th Street, 7th Floor
Philadelphia, PA 19107
(215) 569-8866
nperlberger@ppl-law.com
ehlewis@ppl-law.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **JOANNE ELIZABETH CLEVELAND,** | : | **CASE NO. CV 07 5642 BZ** |
| **CYNTHIA DANIELS, LAURA FUJISAWA,** | : | |
| **CAROLINE HOWE and TRACEY MOORE** | : | |
| Plaintiffs | : | |
| vs. | : | |
| | : | **CERTIFICATION OF SERVICE** |
| **COMPASS VISION, INC. and** | : | |
| **NATIONAL MEDICAL SERVICES, INC.** | : | |
| **d/b/a NMS LABS** | : | |
| Defendants | : | |
| | : | |

    NORMAN PERLBERGER, ESQUIRE, hereby certifies that service of Plaintiffs' Rule 26(a)(1)

Disclosure Statement was made this date by ecf-filing to the following:

| | |
|---|---|
| Catherine A. Salah, Esquire | Christian Barrett Green, Esquire |
| Gordon & Rees, LLP | Law Offices of Samuel G. Grader |
| 275 Battery Street, Suite 2000 | 1860 Howe Street, Suite 350 |
| San Francisco, CA   94111 | Sacramento, CA   95825 |

                                                /s/
                                       NORMAN PERLBERGER, ESQUIRE

DATED:   April 1, 2008