CHRISTIAN GREEN, State Bar No. 173502
LAW OFFICES OF SAMUEL G. GRADER
1860 Howe Avenue, Suite 350
Sacramento, CA  95825
Telephone:  916-567-6420
Direct Line:  916-567-6426
FAX: 866-903-4464

Attorney for Defendant
National Medical Services, Inc., D/B/A NMS Labs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE CLEVELAND,<br><br>     Plaintiff,<br><br>vs.<br><br>COMPASS VISION, INC., et al.,<br><br>     Defendants.<br>_____/ | Case No. 3:07cv5642<br><br>**DEFENDANT NMS LABS' INITIAL DISCLOSURES PURSUANT TO F.R.C.P. 26** |

**DEFENDANT NMS LABS' INITIAL DISCLOSURES PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(l)**

Defendant National Medical Services, Inc. dba NMS Labs ("NMS Labs") hereby submits its initial disclosures in accordance with Rule 26(a)(l) of the Federal Rules of Civil Procedure. NMS Labs expressly reserves the right to supplement and/or amend these disclosures as appropriate during the course of this action.

**Rule 26(a)(1)(A) WITNESSES**

The following individuals may have discoverable information that NMS Labs may use to support its claims and defenses. Discovery and investigation are continuing as to additional witnesses.

1.   Eric F. Rieders, Ph.D.
     NMS Labs
     3701 Welsh Road
     Willow Grove, PA  19090
     (215) 657-4900

Subject of information: The scientific accuracy of the EtG level testing(s) at issue, the basis for the established reporting limits and reliability of any reporting provided by NMS Labs regarding such testing.

2. Steven A. Noel, Ph.D.
   NMS Labs
   3701 Welsh Road
   Willow Grove, PA  19090
   (215) 657-4900

Subject of information: The scientific accuracy of the EtG level testing(s) at issue, the basis for the established reporting limits and reliability of any reporting provided by NMS Labs regarding such testing.

3. G. John DiGregorio, M.D., Ph.D.
   Frederic Rieders Family Renaissance Foundation
   2300 Stratford Avenue
   Willow Grove, PA 19090
   215-784-9281

Subject of information: The scientific accuracy of the EtG level testing(s) at issue, the basis for the established reporting limits and reliability of any reporting provided by NMS Labs regarding such testing.

4. Shelly H. Carolan, MBA
   NMS Labs
   3701 Welsh Road
   Willow Grove, PA  19090
   (215) 657-4900

Subject of information: Communications between NMS Labs and Compass Vision as well as other third party administrators, concerning the propriety and reliability of EtG testing.

5. Gregory E. Skipper, M.D.
   19 S Jackson Street
   Montgomery, Alabama 36104
   (334) 954-2596

Subject of information:  Efficacy of EtG testing and related issues.

CASE NO.: 3:07cv5642
_____
**DEFENDANT NMS LABS INITIAL DISCLOSURES PURSUANT TO FRCP 26**
2

6      Anthony G. Constantino, Ph.D.
NMS Labs
3701 Welsh Road
Wllow Grove, PA  19090
(215) 657-4900

<u>Subject of information:</u> Testing performed by NMS or related companies to determine efficacy of EtG testing and establish appropriate "cut off" limits.

7.     Robert Middleberg, Ph.D.
NMS Labs
3701 Welsh Road
Willow Grove, PA  19090
(215) 657-4900

<u>Subject of information:</u>  Drs. Robert Middleberg and Edward Barbieri were involved in determining the "cut off" level for a "positive" EtG test.

8.     Edward Barbieri, Ph.D.
NMS Labs
3701 Welsh Road
Willow Grove, PA  19090
215-366-1227

<u>Subject of information:</u>  Drs. Robert Middleberg and Edward Barbieri were involved in determining the "cut off" level for a "positive" EtG test.

9.     Patricia Haneman
NMS Labs
3701 Welsh Road
Willow Grove, PA  19090
215-366-1284

<u>Subject of information:</u>  Advertising and promotion of EtG Testing.

10     Joanne Elizabeth Cleveland, Cynthia Daniels, Laura Fujisawa, Caroline Howe, and Tracy Moore

11.    Kim McKown, President of Compass Vision

<u>Subject of information:</u>  Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiffs' Complaint and, specifically, on the subject of Compass Vision's scope of services pursuant to its agreements with Maximus, Inc.; the

roles of Maximus, Inc. and the California Board of Registered Nursing ("the Board") related to the institution and use of EtG testing for nurses in the Board's Diversion Program; and the scope of services provided by National Medical Services ("NMS.")

12. Martha Brown, M.D.
University of South Florida; Department of Psychiatry and Behavioral Medicine; 3515 E. Fletcher Avenue; Tampa, Florida 33613 (813) 974-2575.

<u>Subject of information</u>: Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiffs' Complaint and, specifically, the nature and scope of services provided by a Medical Review Officer versus medical consultants retained by Maximus, Inc. and/or the Board.

13. Sonia Menenberg.
Address currently unknown.

<u>Subject of information</u>: Former Maximus Program Director for the California Diversion Program. Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiffs' Complaint and, specifically, on the subjects of Maximus' role as administrator of the Board's Diversion Program and the Board's and/or Maximus' decision to implement EtG testing.

14. Robert G. Britton
Senior Vice President, Maximus, Inc.
3130 Kilgore Road, Suite 100, Rancho Cordova, CA 95670,
(916) 364-6610.

<u>Subject of information</u>: Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiffs' Complaint and, specifically, on the subject of the scope and limitations of Compass Vision's services pursuant to contracts with Maximus.

15. Ruth Ann Terry.
Address currently unknown.
Board of Nursing Executive Officer.

<u>Subject of information</u>: Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiffs' Complaint and, specifically, the Board of Nursing's decision to include EtG on test panels of participants in the Diversion Program and factors taken into consideration regarding disciplinary action of nurses participating in the Program.

16. Carol Stanford.
    Address currently unknown.
    Board of Nursing Executive Officer.

   <u>Subject of information</u>: Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiffs' Complaint and, specifically, the Board of Nursing's decision to include EtG on test panels of participants in the Diversion Program and factors taken into consideration regarding disciplinary action of nurses participating in the Program.

17. Maximus Case Managers and Medical Review Officers involved with Plaintiffs' participation in the Diversion Program and/or disciplinary action. Identities are currently unknown to NMS Labs.

18. Medical directors and/or consultants for Maximus and/or the Board responsible for interpreting Plaintiffs' test results in issue. Identities are currently unknown to NMS Labs.

19. Individuals associated with NWT/Labone/Quest Diagnostics, Inc. Knowledge regarding the use, reliability, and representations regarding EtG testing and the scientific accuracy of EtG testing levels. Identifies are currently unknown to NMS Labs.

20. Medical doctors, psychiatrists, psychologists, counselors, field monitors and/or nurse support group facilitators who have knowledge of Plaintiffs' condition during relevant times pled in the Complaint. Identities are currently unknown to NMS Labs.

21. Plaintiffs' employers during relevant times pled in the Complaint. Identities are currently unknown to NMS Labs.

22. Gregory Skipper, M.D.
    19 S. Jackson Street
    Montgomery, Alabama 36104

   <u>Subject of information</u>. Knowledge regarding facts and circumstances that relate to the allegations in Plaintiffs' complaint and, specifically, use and reliability of EtG testing.

NMS Labs reserves the right to call as witnesses persons disclosed by other parties to this action or identified in the documents disclosed and produced by the parties in this action as its review and analysis of such documents takes place.

## Rule 26(a)(1)(B)  DOCUMENTS

NMS Labs' discovery and investigation are continuing as to additional documents and NMS Labs reserve the right to supplement its document disclosures if and when additional information becomes available.

1.   Marketing Literature and Communications pertaining to EtG Testing.

Location:    NMS Labs
3701 Welsh Road
Willow Grove, PA  19090
(215) 657-4900

2.   Laboratory testing results, analytical data, quality control data and sample history results for testing of EtG levels in Plaintiffs' urine.

Location:    NMS Labs
3701 Welsh Road
Willow Grove, PA  19090
(215) 657-4900

3.   Plaintiffs' Clinical Records

Location:    Believed to be in possession of Compass Vision or TPA

4.   Documents pertaining to the investigation of or actual evidence of substance abuse by the plaintiffs.

Location:    Believed to be in Plaintiffs' possession, matter of public record or with the State Board

5.   Disciplinary Orders and Records pertaining to License Suspension/Revocation Proceedings by the Board of Registered Nurses or State Board of Pharmacists

Location:    Believed to be in Plaintiffs' possession, matter of public record or with the State Board

6.   Records pertaining to any Criminal Proceedings involving the Plaintiffs.

Location:    Believed to be in Plaintiffs' possession or matter of public record

7.   Documents pertaining to the scientific reliability of EtG testing

Location:   NMS Labs
            3701 Welsh Road
            Willow Grove, PA  19090
            (215) 657-4900

8. Documents pertaining to the studies and analysis of EtG levels through various exposures to ethanol and ethanol based products, including but not necessarily limited to the NMS EtG Study, June 2004 and attached documents.

Location:   NMS Labs
            3701 Welsh Road
            Willow Grove, PA  19090
            (215) 657-4900

9. Plaintiffs' diversion file, including medical and/or psychological records, case notes, progress notes, Diversion Evaluation Committee notes, communication with the DEC consultant, nurse facilitator reports, sponsor reports, treatment provider reports, laboratory test results and disciplinary orders.

Location:   Defendant has not yet obtained these documents.  Believed to be in Plaintiffs' possession, a matter of public record, or maintained by the State Board.

10. Investigative records maintained by the California Board of Registered Nursing or State Board of Pharmacists pertaining to Plaintiffs.

Location:   Defendant has not yet obtained these documents. Believed to be in Plaintiffs' possession, a matter of public record, or maintained by the State Board.

11. Presentation materials from 2004 annual meeting of Federation of State Physician Health Programs.

Location:   This is a public record equally available to Plaintiff.

12. Maximus proposal responding to the California State Department of Consumer Affairs Diversion Program RFP #7467-01-02.

Location:   This is a public record equally available to Plaintiffs.

13. Maximus, Inc.'s contract with California State Department of Consumer Affairs related to the Department's Diversion Program.

Location:    This is a public record, equally available to Plaintiffs.

14.    Documents related to the Nursing Board's and/or Maximus, Inc.'s decision to include EtG on the test panel for participants of the Diversion Program.

Location:    Defendant has not yet obtained these documents. Believed to be in Plaintiffs' possession, a matter of public record, or maintained by the State Board

15.    *Drug Screening as a Regulatory Tool*, National Council of State Boards of Nursing.

Location:    Defendant has not yet obtained these documents. Believed to be in Plaintiffs' possession, a matter of public record, or maintained by the State Board

16.    State of California Department of Consumer Affairs Board of Registered Nursing Minutes related to EtG testing.

Location;    Defendant has not yet obtained these documents. Believed to be in Plaintiffs' possession, a matter of public record, or maintained by the State Board

17.    National Council of State Boards of Nursing Discipline and Investigative Resources related to EtG testing.

Location:    Defendant has not yet obtained these documents. Believed to be in Plaintiffs' possession, a matter of public record, or maintained by the State Board

18.    Federal guidelines defining the role of a Medical Review Officer.

Location:    Defendant has not yet obtained these documents. Believed to be in Plaintiffs' possession, a matter of public record, or maintained by the State Board

19.    Lab Testing Services Agreement between Compass Vision and Maximus, Inc.

Location:    Defendant has not yet obtain these documents.  Believed to be in the possession of Compass Vision and/or Maximus.

20.    Agreements between Compass Vision and NMS.

Location:    NMS Labs
              3701 Welsh Road
              Willow Grove, PA  19090
               (215) 657-4900

21. Laboratory Certifications from National Medical Services, Inc.

Location: NMS Labs
3701 Welsh Road
Willow Grove, PA 19090
(215) 657-4900

**Rule 26(a)(1)(C) DAMAGES**

Defendant NMS Labs does not contend that it sustained any damages in this action. It further denies that its conduct caused any damage to the plaintiff. It has not filed any cross-complaints in this action but reserves its right to do so should evidence gathered in discovery support such a cross-complaint.

**Rule 26(a)(1)(D) INSURANCE**

NMS Labs will provide Plaintiff with a copy of the following insurance agreement: Columbia Casualty Company, Policy No.: HMA 2047964737

Respectfully submitted,

**NATIONAL MEDICAL SERVICES, INC.
d/b/a NMS LABS,**

By its attorneys,

/S/ CHRISTIAN B. GREEN

_____
Christian B. Green (SBN#173502)
LAW OFFICE OF SAMUEL GRADER
1860 Howe Avenue, Suite 350
Sacramento, CA 95825

**CERTIFICATE OF SERVICE**

Matter: Cleveland v. Compass Vision, Inc.
United States District Court, Northern District Case No.: 3:07-cv-5642 BZ

    I am a citizen of the United States, over the age of 18 years, and not a party to or interested in the within entitled cause. I am an employee of the Law Offices of Samuel G. Grader and my business address is 1860 Howe Avenue, Suite 350, Sacramento, California 95825. On this date, I served the following documents:

**DEFENDANT NMS LABS' INITIAL DISCLOSURES PURSUANT TO F.R.C.P. 26**

____ by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid. I am readily familiar with our firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service at Sacramento, California, on the same day in the ordinary course of business. Said correspondence was addressed as set forth below.

_XX_ by having a true copy of the documents listed above transmitted via email to the names, addresses via the US District Court, Northern District website.

_____ by causing personal delivery of a copy thereof to the person or the office of the person at the address listed below.

| **Attorney for Plaintiff** | **Attorney for Defendant Compass Vision, Inc.** |
|---|---|
| Joshua A. Ridless<br>Paul A. Moore, III<br>Law Offices of Joshua A. Ridless<br>244 California Street, Suite 300<br>San Francisco, CA 94111<br>Tel: 415-614-2600  Fx: 415-480-1398 | Catherine A. Salah<br>Gordon & Rees LLP<br>275 Batter Street, Suite 2000<br>San Francisco, CA 94111<br>Tx: 415-986-5900  Fx: 415-986-8054<br>Email: csalah@gordonrees.com |
| Norman Perlberger<br>Eliot Lewis<br>Pomerantz Perlberger & Lewis<br>700 Stephen Girard Bldg<br>Philadelphia, PA 19107<br>Tel: 215-569-8866 | |

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **April 1, 2008**, at Sacramento, California.

                                      /S/Deborah J. Weidle
                                      Deborah J. Weidle