DION N. COMINOS (SBN: 136522)
dcominos@gordonrees.com
CATHERINE A. SALAH (SBN: 154524)
csalah@gordonrees.com
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
COMPASS VISION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE ELIZABETH CLEVELAND, CYNTHIA DANIELS, LAURA FUJISAWA, CAROLINE HOWE and TRACEY MOORE,<br><br>Plaintiff,<br><br>vs.<br><br>COMPASS VISION, INC.; NATIONAL MEDICAL SERVICES, INC., d/b/a NMS LABS, and DOES ONE THROUGH TWENTY,<br><br>Defendants. | CASE NO. CV 07-05642 BZ<br><br>**DEFENDANT COMPASS VISION, INC.'S INITIAL DISCLOSURES**<br><br>[Fed.R.Civ.P 26(a)(1)] |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Compass Vision, Inc. ("Compass Vision") provides the following initial disclosures. Compass Vision's investigation is continuing and discovery in this action has not yet commenced. These disclosures were prepared after a reasonable inquiry and are complete and correct as of this date. Compass Vision will supplement these disclosures if and when additional information becomes available.

**A.    WITNESSES**

Compass Vision believes that the following individuals have or may have knowledge of discoverable information relevant to the disputed facts alleged in the pleadings and defenses thereto. Discovery and investigation are continuing as to additional witnesses.

1. The Plaintiffs;

2. Kim McKown, President of Compass Vision, c/o Catherine Salah, Gordon & Rees LLP, 275 Battery Street, Suite 2000, San Francisco, California 94111, (415) 986-5900. Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiff's Complaint and, specifically, on the subject of Compass Vision's scope of services pursuant to its agreements with Maximus, Inc.; the roles of Maximus, Inc. and the California Board of Registered Nursing ("the Board") related to the institution and use of EtG testing for nurses in the Board's Diversion Program; and the scope of services provided by National Medical Services ("NMS.")

3. Martha Brown, M.D. University of South Florida; Department of Psychiatry and Behavioral Medicine; 3515 E. Fletcher Avenue; Tampa, Florida 33613 (813) 974-2575. Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiffs' Complaint and, specifically, the nature and scope of services provided by a Medical Review Officer versus medical consultants retained by Maximus, Inc. and/or the Board.

4. Sonia Menenberg. Address currently unknown. Former Maximus Program Director for the California Diversion Program. Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiffs' Complaint and, specifically, on the subjects of Maximus' role as administrator of the Board's Diversion Program and the Board's and/or Maximus' decision to implement EtG testing.

5. Robert G. Britton, Senior Vice President, Health Professionals Diversion Program Director, Western Region, Health Services Group, Maximus, Inc., 3130 Kilgore Road, Suite 100, Rancho Cordova, CA 95670, (916) 364-6610. Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiffs' Complaint and, specifically, on the subject of the scope and limitations of Compass Vision's services pursuant to contracts with Maximus.

6. Ruth Ann Terry. Address currently unknown. Executive Officer of the Board of Registered Nursing. Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiffs' Complaint and, specifically, the Board of Nursing's decision to include EtG on test panels of participants in the Diversion Program; factors taken into consideration

regarding disciplinary action of nurses participating in the Program, including Plaintiffs; circumstances regarding the Board's Accusation against Plaintiffs; Plaintiffs' compliance/non-compliance with Board regulations and orders and the Board's Disciplinary Orders pertaining to Plaintiffs.

7. Carol Stanford. Address currently unknown. Board of Nursing Executive Officer. Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiffs' Complaint and, specifically, the Board of Nursing's decision to include EtG on test panels of participants in the Diversion Program and factors taken into consideration regarding disciplinary action of nurses participating in the Program.

8. Maximus Case Managers involved with Plaintiffs' participation in the Diversion Program and/or disciplinary action. Identities are currently unknown to Compass Vision.

9. Medical directors and/or consultants for Maximus and/or the Board responsible for interpreting Plaintiffs' test results in issue. Identities are currently unknown to Compass Vision.

10. Individuals associated with National Medical Services ("NMS") involved with collection and/or testing of Plaintiffs' samples in issue. Identifies are currently unknown to Compass Vision. Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiffs' Complaint and, specifically, the scientific accuracy of the EtG level testing at issue, the basis for the established reporting limits and reliability of reporting by NMS regarding such testing.

11. Individuals associated with NWT/Labone/Quest Diagnostics, Inc. Knowledge regarding the use, reliability and representations regarding EtG testing and the scientific accuracy of EtG testing levels. Identifies are currently unknown to Compass Vision.

12. Medical doctors, psychiatrists, psychologists, counselors, field monitors and/or nurse support group facilitators who have knowledge of the Plaintiffs' respective conditions during relevant times pled in the Complaint. Identities are currently unknown to Compass Vision.

1    13.    Plaintiffs' employers during relevant times pled in the Complaint. Identities are currently unknown to Compass Vision.

3    14.    Gregory Skipper, M.D. 19 S. Jackson Street, Montgomery, Alabama, 36104; (334) 954-2596. Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiffs' Complaint and, specifically, use and reliability of EtG testing.

Compass Vision reserves the right to call as witnesses persons disclosed by other parties to this action or identified in the documents disclosed and produced by the parties in this action as its review and analysis of such documents takes place.

**B.    DOCUMENTS**

Compass Vision describes the categories below that it may use to support its claims or defenses. Discovery and investigation are continuing as to additional documents and Compass Vision reserves the right to supplement its document disclosures if and when additional information becomes available.

1.    Lab Testing Services Agreement between Compass Vision and Maximus, Inc.

2.    Agreements between Compass Vision and NMS.

3.    Laboratory Certifications from National Medical Services, Inc.

4.    Literature provided by testing laboratories related to EtG testing.

5.    Documents pertaining to the scientific reliability of EtG testing.

6.    Plaintiffs' diversion files, including medical and/or psychological records, case notes, progress notes, Diversion Evaluation Committee notes, communication with the DEC consultant, nurse facilitator reports, sponsor reports, treatment provider reports, laboratory test results and disciplinary orders. Defendant has not yet obtained these documents. Believed to be in Plaintiffs' possession, a matter of public record, or maintained by the State Board.

7.    Investigative records maintained by the California Board of Registered Nursing pertaining to Plaintiffs. Defendant has not yet obtained these documents. Believed to be in Plaintiffs' possession, a matter of public record, or maintained by the State Board.

8.    Criminal records pertaining to Plaintiffs. Believed to be in Plaintiffs' possession and/or the Board's possession.

-4-

9. Presentation materials from 2004 annual meeting of Federation of State Physician Health Programs. This is a public record equally available to Plaintiffs.

10. Maximus proposal responding to the California State Department of Consumer Affairs Diversion Program RFP #7467-01-02. This is a public record equally available to Plaintiffs.

11. Maximus, Inc.'s contract with California State Department of Consumer Affairs related to the Department's Diversion Program. This is a public record, equally available to Plaintiffs.

12. Documents related to the Nursing Board's and/or Maximus, Inc.'s decision to include EtG on the test panel for participants of the Diversion Program.

13. *Drug Screening as a Regulatory Tool*, National Council of State Boards of Nursing.

14. State of California Department of Consumer Affairs Board of Registered Nursing Minutes related to EtG testing.

15. National Council of State Boards of Nursing Discipline and Investigative Resources related to EtG testing.

16. Federal guidelines defining the role of a Medical Review Officer.

**C.   DAMAGES**

Compass Vision contends that its conduct has not caused Plaintiffs to sustain any damages. Compass Vision has not, at this time, cross-complained against any other party, although it expressly reserves its right to do so should information obtained in discovery appear to support such a claim.

**D.   INSURANCE**

Upon information and belief, Compass Vision believes that the following insurance policies may be applicable to Plaintiffs' claims, but expressly discloses that, as of the date of the preparation of this Disclosure, no carrier has accepted coverage.

1. Landmark American Insurance Company.
   Insured: Compass Vision, Inc.
   Policy No.: LHM807460

2. Scottsdale Insurance Company
Insured: Compass Vision Inc.
Policy No. CPS0511157

Dated: April 1, 2008

GORDON & REES LLP

By: _____
DION N. COMINOS
CATHERINE A. SALAH
Attorneys for Defendant
COMPASS VISION, INC.

*Cleveland v. Compass Vision, Inc., et al.*
U.S. District Court, Northern District Case No. CV-07-05642 BZ

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On the date below, I served the within documents:

**DEFENDANT COMPASS VISION, INC.'S INITIAL DISCLOSURES**

[X] by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

*Attorneys for Plaintiff:*

| | |
|---|---|
| Joshua A. Ridless, Esq. | Norman Perlberger, Esq. |
| Paul A. Moore, III, Esq. | Eliot H. Lewis, Esq. |
| Law Offices of Joshua A. Ridless | Pomerantz Perlberger & Lewis LLP |
| 244 California Street, Suite 300 | 700 Stephen Girard Building |
| San Francisco, CA 94111 | 21 South 12th Street |
| Tel: (415) 614-2600 | Philadelphia, PA 19107 |
| Fax: (415) 480-1398 | Tel: (215) 569-8866 |
| jr@ridlesslaw.com | Fax: (215) 568-6511 |
| pm@ridlesslaw.com | nperlberger@ppl-law.com |
| | ehl@pomerantzperlberger.com |

*Attorneys for National Medical Services dba NMS Labs:*
Samuel G. Grader, Esq.
Christian Green, Esq.
Law Offices of Samuel G. Grader
1860 Howe Avenue, Suite 350
Sacramento, CA 95825
Tel: (916) 567-6404
Fax: (866) 903-4464
christian.green@cna.com
samuel.grader@cna.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

-7-

Compass Vision's Initial Disclosures                                    Case No. CV 07-05642 BZ

Executed on April 1, 2008, at San Francisco, California.

_____
Anne M. Papina