Norman Perlberger, Esquire
Eliot H. Lewis, Esquire
POMERANTZ PERLBERGER & LEWIS LLP
21 South 12th Street, 7th Floor
Philadelphia, PA 19107
(215) 569-8866
nperlberger@ppl-law.com
ehlewis@ppl-law.com

Attorneys Pro Hac Vice for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE ELIZABETH CLEVELAND, CYNTHIA DANIELS, LAURA FUJISAWA, CAROLINE HOWE and TRACEY MOORE<br><br>              **Plaintiffs**<br><br>vs.<br><br>COMPASS VISION, INC. and NATIONAL MEDICAL SERVICES, INC. d/b/a NMS LABS<br><br>              **Defendants** | : CASE NO. CV 07 5642 BZ<br>:<br>: PLAINTIFFS' OPPOSITION<br>: TO DEFENDANT NMS LAB'S<br>: PETITION FOR SECTION<br>: 1292 (b) CERTIFICATION<br>: FOR INTERLOCUTORY<br>: APPEAL<br>:<br>:<br>:<br>:<br>:<br>: Date: April 30, 2008<br>: Time: 10:00 a.m.<br>: Court: G<br>: Judge: Hon. Bernard Zimmerman |

**PLAINTIFFS' OPPOSITION TO DEFENDANT NMS LAB'S PETITION FOR SECTION 1292 (b) CERTIFICATION FOR INTERLOCUTORY APPEAL**

## INTRODUCTORY STATEMENT

Defendant NMS, alone, has filed the instant petition for certification for interlocutory appeal to the 9th Circuit of Your Honor's decision denying defendant's motion to dismiss the amended complaint of the plaintiffs in the instant *Cleveland* action based on 28 U.S.C. 1292 (b). Defendant Compass Vision has not requested interlocutory appeal. A request for interlocutory appeal was not made in the related case of *Deborah Wilson v. Compass Vision, Inc. and National Medical Services, Inc., d/b/a NMS Labs*, Case No. C07-3431 BZ, Slip Copy 2007 WL 4570613 (N.D. Cal.) Defendant NMS answered the Amended Complaint in *Wilson* on January 18, 2008. Nor was request for interlocutory appeal made in the two related cases in the Southern District of California, *Quisenberry v. Compass Vision, Inc.* Case No. 07-CV-01135-BEN-AJB (S.D. Ca.)[1] and *Gonzalez et al v. Compass Vision, Inc. and National Medical Services, Inc., d/b/a NMS Labs* Case No. 07-CV-01951-BEN-AJB (S.D. Ca.) Defendant NMS filed its Answer in *Gonzalez* on February 11, 2008. All of these California EtG cases are moving forward with litigation in the district courts.

The defendant's petition is without merit. It is agreed by all of the parties and the Courts involved in these California EtG actions that the issue of whether the defendants owed a duty to plaintiffs is one of first impression in California. Since there are no cases on all fours with the instant case, defendant NMS cannot show substantial ground for difference of opinion on this issue in California. If interlocutory appeal were to be fitting in this case, it would then be fitting in every case where a federal court must predict how

---

[1] NMS is not a defendant in Quisenberry.

PLAINTIFFS' OPPOSITION TO NMS 1292 (b) PETITION        CASE NO. CV 07 5642 BZ

1

a state's highest court would hold when there were any differing opinions in any jurisdiction. This would greatly widen the intent of the statute and judicial interpretation as to when interlocutory appeal is properly granted. While defendant disputes this Honorable Court's holding, and that of the *Quisenberry* Court, that the California Supreme Court would find a duty, there is no valid dispute as to the pure question of law of what factors are to be analyzed in California to determine duty. There is no substantial ground for difference of opinion as to the decision in this case. Moreover sending this case to the 9th circuit, even with a stay of this case, which was not asked for, would not stop the EtG litigation in California. It would at unreasonable expense just create yet another front in this legal battle.

## LEGAL STANDARDS

28 U.S.C. § 1292 Interlocutory Decisions states:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The first line decision of whether to allow an immediate interlocutory appeal of a non-final order under section 1292(b) is within the discretion of the district court. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995). Normally a district court's refusal to

PLAINTIFFS' OPPOSITION TO NMS 1292 (b) PETITION                CASE NO. CV 07 5642 BZ

certify is the end of the matter unless the abuse of discretion is egregious, for example that the decision was for an improper purpose, such that it would support a writ of mandamus. *In re Ford Motor Co.,* 344 F.3d 648 (7th Circuit 2002). The 9th Circuit has explained that the rule is to be narrowly construed and that it is the rare case that should not wait until the preferred final judgment appeal.

> ...section 1292(b) addresses the situation where a party wishes to appeal an interlocutory order.... (citations omitted) ... Normally, such interlocutory orders are not immediately appealable. In rare circumstances, the district court may approve an immediate appeal of such an order by certifying that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Even where the district court makes such a certification, the court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently. *See* 16 Wright & Miller § 3929, at 363.
>
> Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly. This explains the reasons for the specific form of the certification required of the district court and de novo review thereof by the court of appeals.
>
> *James v. Price Stern Sloan, Inc.,* 283 F.3d 1064 at 1068 (9th Cir. 2002)

District courts in the Ninth Circuit, as well as other district courts, have held that a question of law means a pure question of law, not a mixed question of law and fact or an application of law to a particular set of facts. *Sierra Foothills Pub. Util. Dist. v. Clarendon Am. Ins. Co.,* CV F 05-0736 AWI SMS, 2006 U. S. Dist. LEXIS 55863, at *3 (E.D. Cal. Jul. 24, 2006); *Leong v. Hilton Hotels Corp.,* 689 F. Supp. 1572, 1574 (D. Haw. 1988). A district court may certify an interlocutory appeal under 28 U.S.C. Section

1292 (b) only for a question of law as to which there is substantial ground for difference of opinion. "Thus, where the law at issue is clear, certifying an appeal under that section is improper." *Sierra,* supra at *5

Interlocutory appeal under 28 U.S.C. § 1292(b) is rarely allowed. The party seeking interlocutory review has the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment. Both Congress and the Judicial Branch have recognized the public interest in avoiding "piecemeal" litigation occasioned by stays and interlocutory appeals. *United States v. Nixon,* 418 U.S. 683, 690 (1974)); *see also First Am. Corp.,* 948 F. Supp. at 1116; *Manion v. American Airlines, Inc.,* 215 F. Supp. 2d 90, 93 (D.D.C. 2002).

## ARGUMENT

Defendant NMS' petition for certification for interlocutory appeal is without merit. This case is similar to the California District Court case of *Sierra Foothills Pub. Util. Dist. v. Clarendon Am. Ins. Co.,* CV F 05-0736 AWI SMS, 2006 U. S. Dist. LEXIS 55863 where District Judge Anthony W. Ishii denied a petition for certification by the defendant insurance company after the plaintiff had been granted partial summary judgment holding that the defendant had a duty to defend the plaintiff in an underlying lawsuit. Judge Ishii in denying the petition, after stating that the "Ninth Circuit's guidance as to what constitutes a controlling question of law is minimal" wrote:

> It appears that a "question of law" means a "pure question of law," not a mixed question of law and fact or an application of law to a particular set of facts. See *Ahrenholz v. Bd. Of Trustees,* 219 F.3d 674, 675-77 (7th Cir. 2000). Chief Judge Posner, writing for the Seventh Circuit, explained that in the context of

PLAINTIFFS' OPPOSITION TO NMS 1292 (b) PETITION                                     CASE NO. CV 07 5642 BZ

> Section 1292 (b) the term " 'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted." *Id.* At 677
> We think (Congress) used "question of law" in much the same way a lay person might, as referring to a "pure" question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case.
> *Id.* At 676-77

In denying the petition Judge Ishii further examined whether there was a substantial ground for difference of opinion. It must be emphasized that "A district court may certify an interlocutory appeal under 28 U.S.C. Section 1292 (b) only for a question of law 'as to which there is substantial ground for difference of opinion.'" Sierra supra at *5  In *Sierra*, because the issue was the application of controlling case law[2] for which that defendant cited no authority suggesting a basis for divergent holdings on its application, the Court held that a bald assertion that it was applied incorrectly did not establish a substantial ground for difference of opinion.

In the instant case the pure question of law involved is what factors must be balanced to determine whether a defendant has a duty to a plaintiff under the specific facts alleged in the Complaint. Under California law there are no diverse opinions on this standard which was established in the seminal case of *Rowland v. Christian*, 69 Cal.2d 108, 70 Cal. Rptr. 97, 443 P.2d 561 (1968). This Honorable court's decision finding that the facts alleged in the Amended Complaint created an issue of first impression in California as to whether the defendant testing laboratory owed a duty for negligently

---

[2] *Gunderson v. Fire Insurance Exchange* (citation omitted) which set forth the rule of law concerning under what criteria an insurer's duty to defend can be triggered.

PLAINTIFFS' OPPOSITION TO NMS 1292 (b) PETITION        CASE NO. CV 07 5642 BZ

promoting and interpreting a faulty new test, simply applied the *Rowland* criteria in determining that there was a duty.

The defendant in its motion rehashes its argument as to why there should not be a duty, using authority from other jurisdictions that are not on all fours with the facts alleged in this case.[3] Moreover the defendant has not brought to this Honorable Court's attention any cases that are persuasive or controlling involving the granting of an interlocutory appeal. A 1292 (b) interlocutory appeal is not a way to just get another bite of the apple when a judge does not agree with your argument. There is no divergent opinion in California on when a testing laboratory owes a duty to a tested individual. Defendant NMS has not established that there is a substantial ground for difference of opinion on a controlling question of law.

---

[3] *Garlick et. al. v. Quest Diagnostics, Inc. et. al.*, Slip Copy, 2007 WL 4592276 (D.N.J.), is an EtG lawsuit, presently on appeal in the 3rd Circuit Court of Appeals that could be at first blush seen as being on all fours with the instant case. However on closer examination, no *Rowland v. Christian* analysis was made by Judge Cavanaugh in *Garlick*. Moreover Judge Cavanaugh was under the incorrect assumption that it was not alleged that the defendants there "decided"… "what levels of EtG would be used to constitute positive results" In the instant case, as in *Wilson,* there are clear allegations that the defendant set the cut offs too low. As this Honorable Court wrote, concerning the same allegations, in footnote 5 of the *Wilson* opinion, "Plaintiff alleges that defendant negligently set the EtG cut off level so low that plaintiff tested false positive twice." Slip Copy 2007 WL 4570613 at page 3. Your Honor found Garlick unpersuasive and was certainly not impressed enough with that decision to certify for appeal.

If an interlocutory appeal was fitting in this case, it would be fitting in every case where a federal court denied a motion to dismiss based on the court's prediction on how that states highest court would rule on an issue of first impression. It is respectfully submitted that this would be an improper use and an extension of the purpose of interlocutory appeal. As Judge Posner explained in *Ahrenholz*, supra at 676 (cited in *Sierra* supra) in a relatively similar situation concerning rulings on summary judgment where the defendant merely reargued its case for summary judgment in asking for interlocutory appeal:

> Formally, an appeal from the grant or denial of summary judgment presents a question of law (namely whether the opponent has raised a genuine issue of material fact), which if dispositive is controlling; and often there is room for a difference of opinion. So it might seem that the statutory criteria for an immediate appeal would be satisfied in every case in which summary judgment was denied on a nonobvious ground. But that cannot be right. Section 1292 (b) was not intended to make denials of summary judgment routinely appealable… A denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable.

It is respectfully submitted that the same can be said for denials of 12 (b) (6) motions to dismiss. It is respectfully submitted that the defendant has not met the standard for interlocutory appeal and the Petition should be denied.

PLAINTIFFS' OPPOSITION TO NMS 1292 (b) PETITION          CASE NO. CV 07 5642 BZ

## CONCLUSION

For all of the above reasons it is respectfully submitted to this Honorable Court that Defendant NMS Labs' Request for Certification Pursuant To 28 U.S.C. Section 1292 (b) should be denied.

Dated: April 9, 2008

Respectfully Submitted,

                POMERANTZ PERLBERGER & LEWIS LLP

BY:     /s /Norman Perlberger
           /s/ Eliot H Lewis
           Norman Perlberger, Esquire
           Eliot H. Lewis, Esquire
           Attorneys Pro Hac Vice for Plaintiff