CHRISTIAN GREEN, State Bar No. 173502
LAW OFFICES OF SAMUEL G. GRADER
1860 Howe Avenue, Suite 350
Sacramento, CA  95825
Telephone:  916-567-6420
Direct Line:  916-567-6426
FAX: 866-903-4464

Attorney for Defendant
National Medical Services, Inc., dba NMS Labs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE CLEVELAND,<br><br>    Plaintiff,<br><br>    vs.<br><br>COMPASS VISION, INC., et al.,<br><br>    Defendants. | Case No. 3:07cv5642<br><br>**NATIONAL MEDICAL SERVICES, INC. DBA NMS LAB'S ANSWER TO AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br>Fed. R. Civ. Pro. 38 |

COMES NOW defendant NATIONAL MEDICAL SERVICES, INC., dba NMS LABS and answers Plaintiff's Amended Complaint as follows:

**ADMISSIONS AND DENIALS**

PARTIES

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Amended Complaint.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Amended Complaint.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Amended Complaint.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Amended Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 5 of the Amended Complaint.

6.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Amended Complaint.

7.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Amended Complaint.

8.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Amended Complaint.

9.  Defendant admits the allegations contained in paragraph 9 of the Amended Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Amended Complaint.

## JURISDICTION AND VENUE

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Amended Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Amended Complaint.

## COMMON OPERATIVE FACTS

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Amended Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Amended Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Amended Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Amended Complaint.

17. Defendant admits the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendant admits the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendant denies the allegations of paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations of paragraph 20 of the Amended Complaint.

21. Defendant admits the allegations of paragraph 21 of the Amended Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Amended Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Amended Complaint.

24. (a) Defendant admits the allegations contained in paragraph 24(a) of the Amended Complaint.

(b) Defendant admits the allegations contained in paragraph 24(b) of the Amended Complaint.

(c) Defendant denies the allegations of paragraph 24(c) of the Amended Complaint.

(d) Defendant denies the allegations of paragraph 24(d) of the Amended Complaint.

25. Defendant denies the allegations of paragraph 25 of the Amended Complaint.

26. Defendant admits the allegations contained in paragraph 26 of the Amended Complaint. However, the allegation purports to quote a third party and any attempt to mischaracterize the quote is expressly denied.

27. Defendant admits the allegations contained in paragraph 27 of the Amended Complaint. However, the allegation purports to quote a third party and any attempt to mischaracterize the quote is expressly denied.

28. Defendant admits the allegations contained in paragraph 28 of the Amended Complaint. However, the allegation purports to quote a third party and any attempt to mischaracterize the quote is expressly denied.

29. Defendant admits the allegations contained in paragraph 29 of the Amended Complaint that the tests accurate and reliable measurements based on alleged scientific research.

30. Defendant admits the allegations contained in paragraph 30 of the Amended

Complaint. However, the allegation purports to quote a third party and any attempt to mischaracterize the quote is expressly denied.

31. Defendant denies the allegations of paragraph 31 of the Amended Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Amended Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Amended Complaint.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Amended Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations of paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations of paragraph 37 of the Amended Complaint.

## COUNT I

## JOANNE ELIZABETH CLEVELAND v. COMPASS VISION & NMS

38. Defendant admits the allegations contained in paragraph 38 of the Amended Complaint.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations of paragraph 40 of the Amended Complaint.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Amended Complaint.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Amended Complaint.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Amended Complaint.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Amended Complaint.

45. Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 45 of the Amended Complaint.

46.	Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Amended Complaint.

47.	Defendant denies the allegations of paragraph 47 of the Amended Complaint.

48.	Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Amended Complaint.

49.	Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Amended Complaint.

50.	Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Amended Complaint.

51.	Defendant denies the allegations of paragraph 51 of the Amended Complaint.

52.	Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Amended Complaint.

53.	Defendant denies the allegations of paragraph 53 of the Amended Complaint.

54.	Defendant denies the allegations of paragraph 54 of the Amended Complaint.

55.	Defendant denies the allegations of paragraph 55 of the Amended Complaint.

56.	Defendant denies the allegations of paragraph 56 of the Amended Complaint.

## COUNT II

## CYNTHIA DANIELS v. COMPASS VISION & NMS

57.	Defendant admits the allegations contained in paragraph 57 of the Amended Complaint.

58.	Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Amended Complaint.

59.	Defendant denies the allegations in paragraph 59 of the Amended Complaint.

60.	Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Amended Complaint.

61.	Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Amended Complaint.

62.	Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 62 of the Amended Complaint.

63. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Amended Complaint.

64. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Amended Complaint.

65. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Amended Complaint.

66. Defendant denies the allegations of paragraph 66 of the Amended Complaint.

67. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Amended Complaint.

68. Defendant denies the allegations of paragraph 68 of the Amended Complaint.

69. Defendant denies the allegations of paragraph 69 of the Amended Complaint.

70. Defendant denies the allegations of paragraph 70 of the Amended Complaint.

71. Defendant denies the allegations of paragraph 71 of the Amended Complaint.

72. Defendant denies the allegations of paragraph 72 of the Amended Complaint.

## COUNT III

## LAURA JUJISAWA v. COMPASS VISION & NMS

73. Defendant admits the allegations contained in paragraph 73 of the Amended Complaint.

74. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the Amended Complaint.

75. Defendant denies the allegations of paragraph 75 of the Amended Complaint.

76. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Amended Complaint.

77. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Amended Complaint.

78. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Amended Complaint.

79. Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 79 of the Amended Complaint.

80. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 of the Amended Complaint.

81. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Amended Complaint.

82. Defendant denies the allegations of paragraph 82 of the Amended Complaint.

83. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Amended Complaint.

84. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Amended Complaint.

85. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 of the Amended Complaint.

86. Defendant denies the allegations of paragraph 86 of the Amended Complaint.

87. Defendant denies the allegations of paragraph 87 of the Amended Complaint.

88. Defendant denies the allegations of paragraph 88 of the Amended Complaint.

89. Defendant denies the allegations of paragraph 89 of the Amended Complaint.

90. Defendant denies the allegations of paragraph 90 of the Amended Complaint.

91. Defendant denies the allegations of paragraph 91 of the Amended Complaint.

## COUNT IV

## CAROLINE HOWE v. COMPASS VISION & NMS

92. Defendant admits the allegations contained in paragraph 92 of the Amended Complaint.

93. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 of the Amended Complaint.

94. Defendant denies the allegations of paragraph 94 of the Amended Complaint.

95. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 of the Amended Complaint.

96. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 of the Amended Complaint.

97. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 of the Amended Complaint.

98. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 of the Amended Complaint.

99. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 of the Amended Complaint.

100. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 of the Amended Complaint.

101. Defendant denies the allegations of paragraph 101 of the Amended Complaint.

102. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 of the Amended Complaint.

103. Defendant denies the allegations of paragraph 103 of the Amended Complaint.

104. Defendant denies the allegations of paragraph 104 of the Amended Complaint.

105. Defendant denies the allegations of paragraph 105 of the Amended Complaint.

106. Defendant denies the allegations of paragraph 106 of the Amended Complaint.

107. Defendant denies the allegations of paragraph 107 of the Amended Complaint.

## COUNT VI

### TRACEY MOORE v. COMPASS VISION & NMS

108. Defendant admits the allegations contained in paragraph 108 of the Amended Complaint.

109. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109 of the Amended Complaint.

110. Defendant denies the allegations of paragraph 110 of the Amended Complaint

111. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111 of the Amended Complaint.

112. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112 of the Amended Complaint.

113. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113 of the Amended Complaint.

114. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 114 of the Amended Complaint.

115. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 115 of the Amended Complaint.

116. Defendant denies the allegations of paragraph 116 of the Amended Complaint.

117. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 117 of the Amended Complaint.

118. Defendant denies the allegations of paragraph 118 of the Amended Complaint

119. Defendant denies the allegations of paragraph 119 of the Amended Complaint.

120. Defendant denies the allegations of paragraph 120 of the Amended Complaint.

121. Defendant denies the allegations of paragraph 121 of the Amended Complaint.

122. Defendant denies the allegations of paragraph 122 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendant, pursuant to Federal Rule of Civil Procedure 8(c), asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff herself was careless, negligent and/or otherwise at fault in and about the matters alleged by the plaintiff in the Amended Complaint and that such carelessness, negligence, and/or other fault proximately caused the happening of the incident and the loss and damages complained of and that said fault proportionately reduces any potential recovery against this answering defendant.

### FOURTH AFFIRMATIVE DEFENSE

This answering defendant alleges that it neither owed nor breached any duty to the plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

This answering defendant alleges that third persons, corporations or other entities, for which this defendant is not responsible, were careless, negligent and/or otherwise at fault in and about the matters alleged by the plaintiff in the Amended Complaint, and that such carelessness, negligence and/or fault proximately caused the happening of the incident and the loss and damage complained of, and that said fault proportionately reduces any potential recovery against this defendant.

### SIXTH AFFIRMATIVE DEFENSE

This answering defendant alleges that if plaintiff is found to be entitled to any recovery against this defendant, which said defendant denies, the plaintiff's employer was guilty of negligence and other wrongful conduct proximately causing the alleged accident, and the amount of such recovery, if any, should accordingly be diminished and reduced.

### SEVENTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes, and based thereon alleges, that plaintiff failed to exercise reasonable care and diligence to avoid loss, and to mitigate her damages, if any there were, and that the plaintiff may not recover for losses which could have been prevented by reasonable efforts on her part, or by expenditures that she might reasonably have made.

### EIGHTH AFFIRMATIVE DEFENSE

The Amended Complaint may be barred by the doctrines of collateral estoppel and *res judicata*.

### NINTH AFFIRMATIVE DEFENSE

If plaintiff executed a release, then her claims are barred and/or limited by the execution of the release.

### TENTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and properly under the circumstances, and no act or omission on its part was a proximate cause or substantial factor in bringing about plaintiff's claimed damages.

## ELEVENTH AFFIRMATIVE DEFENSE

This answering defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves herein the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, defendant requests that plaintiff take nothing by her Amended Complaint and that defendant be awarded judgment in this action and costs of suit.

DATED: June 18, 2008

LAW OFFICES OF SAMUEL G. GRADER


/S/ Christian B. Green_____
    Christian Green
    Attorneys for Defendant
    National Medical Services, Inc., dba NMS Labs

# CERTIFICATE OF SERVICE

Matter: Cleveland v. Compass Vision, Inc.
United States District Court, Northern District Case No.: 3:07-cv-5642 BZ

    I am a citizen of the United States, over the age of 18 years, and not a party to or interested in the within entitled cause. I am an employee of the Law Offices of Samuel G. Grader and my business address is 1860 Howe Avenue, Suite 350, Sacramento, California 95825. On this date, I served the following documents:

**Defendant NMS LABS' Answer to Amended Complaint**

____ by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid. I am readily familiar with our firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service at Sacramento, California, on the same day in the ordinary course of business. Said correspondence was addressed as set forth below.

 XX  by having a true copy of the documents listed above transmitted via email to the names, addresses via the US District Court, Northern District website.

_____ by causing personal delivery of a copy thereof to the person or the office of the person at the address listed below.

| **Attorney for Plaintiff** | **Attorney for Defendant Compass Vision, Inc.** |
|---|---|
| Joshua A. Ridless<br>Paul A. Moore, III<br>Law Offices of Joshua A. Ridless<br>244 California Street, Suite 300<br>San Francisco, CA 94111<br>Tel: 415-614-2600  Fx: 415-480-1398 | Catherine A. Salah<br>Gordon & Rees LLP<br>275 Batter Street, Suite 2000<br>San Francisco, CA 94111<br>Tx: 415-986-5900  Fx: 415-986-8054<br>Email: csalah@gordonrees.com |
| Norman Perlberger<br>Eliot Lewis<br>Pomerantz Perlberger & Lewis<br>700 Stephen Girard Bldg<br>Philadelphia, PA 19107<br>Tel: 215-569-8866 | |

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 19, 2008, at Sacramento, California.

                                            /S/Deborah J. Weidle
                                            Deborah J. Weidle