1  DION N. COMINOS  (SBN:  136522)
   _dcominos@gordonrees.com_
2  CATHERINE A. SALAH  (SBN:  154524)
   _csalah@gordonrees.com_
3  GORDON & REES LLP
   Embarcadero Center West
4  275 Battery Street, Suite 2000
   San Francisco, CA  94111
5  Telephone:  (415) 986-5900
   Facsimile:  (415) 986-8054
6
7  Attorneys for Defendant
   COMPASS VISION, INC.

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11
   JOANNE ELIZABETH CLEVELAND, CYNTHIA        CASE NO. CV 07-05642 BZ
12 DANIELS, LAURA FUJISAWA, CAROLINE
   HOWE and TRACEY MOORE,                     **DEFENDANT COMPASS VISION,**
13                                            **INC.'S ANSWER AND**
                                              **AFFIRMATIVE DEFENSES TO**
                          Plaintiffs,         **PLAINTIFF'S AMENDED**
14                                            **COMPLAINT**
      vs.
15                                            **JURY TRIAL DEMANDED**
   COMPASS VISION, INC.; NATIONAL MEDICAL
16 SERVICES, INC., d/b/a NMS LABS, and DOES   Complaint Filed:   January 22, 2008
   ONE THROUGH TWENTY,                        Trial Date:        Not Set
17
                          Defendants.        /
18

19        COMES NOW DEFENDANT COMPASS VISION, INC. ("COMPASS VISION" or

20 "Defendant") and answers Plaintiffs' Amended Complaint as follows:

21                        **ADMISSIONS AND DENIALS**

22                                **PARTIES**

23        1.      Defendant denies knowledge or information sufficient to form a belief as to the

24 truth of the allegations of paragraph 1 of the Amended Complaint.

25        2.      Defendant denies knowledge or information sufficient to form a belief as to the

26 truth of the allegations of paragraph 2 of the Amended Complaint.

27        3.      Defendant denies knowledge or information sufficient to form a belief as to the

28 truth of the allegations of paragraph 3 of the Amended Complaint.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Amended Complaint.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Amended Complaint.

6.      Defendant admits that it is a corporation with its principal place of business in Oregon and that it has transacted business in California.  Defendant denies the remaining allegations of paragraph 6 with respect to the allegation that it transacted any "business" that gave rise to any cause of action at issue in Plaintiffs' Amended Complaint.

7.      Defendant admits that it is a Third Party Administrator involved with the design, implementation and management of drug and alcohol testing programs.  Defendant denies the remaining allegations in paragraph 7 of the Amended Complaint.

8.      Defendant admits that it contracted with Maximus to be a TPA administering drug and alcohol testing programs for nurses and pharmacists in California.  Defendant lacks information or belief sufficient to either admit or deny the remaining allegations of paragraph 8 of the Amended Complaint and, on that basis, denies them.

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Amended Complaint.

10.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Amended Complaint.

**JURISDICTION AND VENUE**

11.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Amended Complaint.

12.     Defendant admits the allegations contained in paragraph 12 of the Amended Complaint.

**COMMON OPERATIVE FACTS**

13.     Defendant admits the allegations contained in paragraph 13 of the Amended Complaint.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-2-

14.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Amended Complaint.

15.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Amended Complaint.

16.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Amended Complaint.

17.    Defendant admits that "EtG" stands for ethyl glucuronide and that EtG is a metabolite of alcohol.  COMPASS VISION lacks information or belief sufficient to either admit or deny the remaining allegations of paragraph 17 of the Amended Complaint and, basing its denial on this ground, denies them.

18.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Amended Complaint.

19.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Amended Complaint.

20.    As to the allegations pertaining to COMPASS VISION, Defendant denies the allegations contained in paragraph 20 of the Amended Complaint.  With respect to the remaining allegations in paragraph 20, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

21.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Amended Complaint.

22.    Defendant denies the allegations of paragraph 22 of the Amended Complaint.

23.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Amended Complaint.

24.    (a)    Defendant admits the allegations contained in paragraph 24(a) of the Amended Complaint.

(b)    Defendant admits the allegations contained in paragraph 24(b) of the Amended Complaint.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

(c)    Defendant denies the allegations of paragraph 24(c) of the Amended Complaint.

(d)    Defendant denies the allegations of paragraph 24(d) of the Amended Complaint.

25.    Defendant denies the allegations of paragraph 25 of the Amended Complaint.

26.    Defendant admits the allegations contained in paragraph 26 of the Amended Complaint. However, the allegation purports to quote a third party and any attempt to mischaracterize the quote is expressly denied.

27.    Defendant admits the allegations contained in paragraph 27 of the Amended Complaint. However, the allegation purports to quote a third party and any attempt to mischaracterize the quote is expressly denied.

28.    Defendant admits the allegations contained in paragraph 28 of the Amended Complaint. However, the allegation purports to quote a third party and any attempt to mischaracterize the quote is expressly denied.

29.    Defendant admits the allegations contained in paragraph 29 of the Amended Complaint that the tests accurate and reliable measurements based on alleged scientific research.

30.    Defendant admits the allegations contained in paragraph 30 of the Amended Complaint. However, the allegation purports to quote a third party and any attempt to mischaracterize the quote is expressly denied.

31.    Defendant denies the allegations of paragraph 31 of the Amended Complaint.

32.    Defendant denies the allegations of paragraph 32 of the Amended Complaint.

33.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Amended Complaint.

34.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Amended Complaint.

35.    Defendant denies the allegations of paragraph 35 of the Amended Complaint.

36.    Defendant denies the allegations of paragraph 36 of the Amended Complaint.

37.    Defendant denies the allegations of paragraph 37 of the Amended Complaint.

-4-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>COUNT I</u>

## <u>JOANNE ELIZABETH CLEVELAND v. COMPASS VISION & NMS</u>

38.     Paragraph 38 of the Amended Complaint does not contain any allegations and, therefore, no response thereto is required.

39.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Amended Complaint.

40.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Amended Complaint.

41.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Amended Complaint.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Amended Complaint.

43.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Amended Complaint.

44.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Amended Complaint.

45.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Amended Complaint with respect to alleged declarations by Plaintiff.  Defendant denies the remaining allegations of paragraph 45.

46.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Amended Complaint.

47.     Defendant denies the allegations of paragraph 47 of the Amended Complaint.

48.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Amended Complaint.

49.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Amended Complaint.

50.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Amended Complaint.

-5-

51.    Defendant denies the allegations of paragraph 51 of the Amended Complaint.

52.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Amended Complaint.

53.    Defendant denies the allegations of paragraph 53 of the Amended Complaint.

54.    Defendant denies the allegations of paragraph 54 of the Amended Complaint.

55.    Defendant denies the allegations of paragraph 55 of the Amended Complaint.

56.    Defendant denies the allegations of paragraph 56 of the Amended Complaint.

## COUNT II

## CYNTHIA DANIELS v. COMPASS VISION & NMS

57.    Paragraph 57 of the Amended Complaint does not contain any allegations and, therefore, no response thereto is required.

58.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Amended Complaint.

59.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Amended Complaint with respect to Plaintiff's purported denials.  Defendant denies the remaining allegations in paragraph 59.

60.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Amended Complaint.

61.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Amended Complaint.

62.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Amended Complaint with respect to the alleged levels of the testing referred to.  Defendant denies the remaining allegations of paragraph 62.

63.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Amended Complaint with respect to the total number of positive EtG tests.  Defendant denies the remaining allegations of paragraph 63.

64.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Amended Complaint with respect to purported

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-6-

1 declarations by Plaintiff.  Defendant denies the remaining allegations of Paragraph 64.

2    65.    Defendant denies knowledge or information sufficient to form a belief as to the

3 truth of the allegations of paragraph 65 of the Amended Complaint with respect to on-going

4 testing.  Defendant denies the remaining allegations of paragraph 65.

5    66.    Defendant denies the allegations of paragraph 66 of the Amended Complaint.

6    67.    Defendant denies knowledge or information sufficient to form a belief as to the

7 truth of the allegations of paragraph 67 of the Amended Complaint.

8    68.    Defendant denies the allegations of paragraph 68 of the Amended Complaint.

9    69.    Defendant denies the allegations of paragraph 69 of the Amended Complaint.

10    70.    Defendant denies the allegations of paragraph 70 of the Amended Complaint.

11    71.    Defendant denies the allegations of paragraph 71 of the Amended Complaint.

12    72.    Defendant denies the allegations of paragraph 72 of the Amended Complaint.

## COUNT III

## LAURA FUJISAWA v. COMPASS VISION & NMS

15    73.    Paragraph 73 of the Amended Complaint does not contain any allegations and,

16 therefore, no response thereto is required.

17    74.    Defendant denies knowledge or information sufficient to form a belief as to the

18 truth of the allegations of paragraph 74 of the Amended Complaint.

19    75.    Defendant denies knowledge or information sufficient to form a belief as to the

20 truth of the allegations of paragraph 75 of the Amended Complaint with respect to Plaintiff's

21 purported denials.  Defendant denies the remaining allegations of paragraph 75.

22    76.    Defendant denies knowledge or information sufficient to form a belief as to the

23 truth of the allegations of paragraph 76 of the Amended Complaint.

24    77.    Defendant denies knowledge or information sufficient to form a belief as to the

25 truth of the allegations of paragraph 77 of the Amended Complaint.

26    78.    Defendant denies knowledge or information sufficient to form a belief as to the

27 truth of the allegations of paragraph 78 of the Amended Complaint with respect to the alleged

28 testing result levels.  Defendant denies the remaining allegations of paragraph 78.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

79.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the Amended Complaint with respect to the total number of positive EtG tests.  Defendant denies the remaining allegations of paragraph 79.

80.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 of the Amended Complaint with respect to Plaintiff's purported declarations.  Defendant denies the remaining allegations of paragraph 80.

81.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Amended Complaint with respect to Plaintiff's continued submission to testing.  Defendant denies the remaining allegations of paragraph 81.

82.    Defendant denies the allegations of paragraph 82 of the Amended Complaint.

83.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Amended Complaint.

84.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Amended Complaint.

85.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 of the Amended Complaint.

86.    Defendant denies the allegations of paragraph 86 of the Amended Complaint.

87.    Defendant denies the allegations of paragraph 87 of the Amended Complaint.

88.    Defendant denies the allegations of paragraph 88 of the Amended Complaint.

89.    Defendant denies the allegations of paragraph 89 of the Amended Complaint.

90.    Defendant denies the allegations of paragraph 90 of the Amended Complaint.

91.    Defendant denies the allegations of paragraph 91 of the Amended Complaint.

## COUNT IV

## CAROLINE HOWE v. COMPASS VISION & NMS

92.    Paragraph 92 of the Amended Complaint does not contain any allegations and, therefore, no response thereto is required.

93.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 of the Amended Complaint.

-8-

1    94.    Defendant denies knowledge or information sufficient to form a belief as to the

2    truth of the allegations of paragraph 94 of the Amended Complaint with respect to Plaintiff's

3    purported denials.  Defendant denies the remaining allegations of paragraph 94.

4    95.    Defendant denies knowledge or information sufficient to form a belief as to the

5    truth of the allegations of paragraph 95 of the Amended Complaint.

6    96.    Defendant denies knowledge or information sufficient to form a belief as to the

7    truth of the allegations of paragraph 96 of the Amended Complaint with respect to the timing of

8    Plaintiff's testing and allegations directed at Defendant NMS.  Defendant denies the remaining

9    allegations of paragraph 96.

10    97.    Defendant denies knowledge or information sufficient to form a belief as to the

11    truth of the allegations of paragraph 97 of the Amended Complaint with respect to timing of

12    receipt of notice of test results and the levels thereof.  Defendant denies the remaining allegations

13    of paragraph 97.

14    98.    Defendant denies knowledge or information sufficient to form a belief as to the

15    truth of the allegations of paragraph 98 of the Amended Complaint with respect to the total

16    number of positive EtG tests alleged.  Defendant denies the remaining allegations of paragraph

17    98.

18    99.    Defendant denies knowledge or information sufficient to form a belief as to the

19    truth of the allegations of paragraph 99 of the Amended Complaint with respect to Plaintiff's

20    purported declarations.  Defendant denies the remaining allegations of paragraph 99.

21    100.    Defendant denies knowledge or information sufficient to form a belief as to the

22    truth of the allegations of paragraph 100 with respect to Plaintiff's on-going submission to

23    testing.  Defendant denies the remaining allegations of paragraph 100 of the Amended

24    Complaint.

25    101.    Defendant denies the allegations of paragraph 101 of the Amended Complaint.

26    102.    Defendant denies knowledge or information sufficient to form a belief as to the

27    truth of the allegations of paragraph 102 of the Amended Complaint.

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-9-

103.   Defendant denies the allegations of paragraph 103 of the Amended Complaint.

104.   Defendant denies the allegations of paragraph 104 of the Amended Complaint.

105.   Defendant denies the allegations of paragraph 105 of the Amended Complaint.

106.   Defendant denies the allegations of paragraph 106 of the Amended Complaint.

107.   Defendant denies the allegations of paragraph 107 of the Amended Complaint.

## COUNT VI

## TRACEY MOORE v. COMPASS VISION & NMS

108.   Paragraph 108 of the Amended Complaint does not contain any allegations and, therefore, no response thereto is required.

109.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109 of the Amended Complaint.

110.   Defendant denies knowledge or information sufficient to form a belief as t the truth of the allegations of paragraph 110 of the Amended Complaint with respect to Plaintiff's purported denials.  Defendant denies the remaining allegations of paragraph 110.

111.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111 of the Amended Complaint.

112.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112 of the Amended Complaint with respect to the timing of the testing referred to and allegations pertaining to Defendant NMS.  Defendant denies the remaining allegations of paragraph 112.

113.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113 of the Amended Complaint with respect to the levels of EtG determined by testing.  Defendant denies the remaining allegations of paragraph 113.

114.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 114 of the Amended Complaint with respect to Plaintiff's purported declarations.  Defendant denies the remaining allegations of paragraph 114.

115.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 115 of the Amended Complaint with respect to Plaintiff's

-10-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    on-going testing.  Defendant denies the remaining allegations of paragraph 115.

2        116.    Defendant denies the allegations of paragraph 116 of the Amended Complaint.

3        117.    Defendant denies knowledge or information sufficient to form a belief as to the

4    truth of the allegations of paragraph 117 of the Amended Complaint.

5        118.    Defendant denies the allegations of paragraph 118 of the Amended Complaint.

6        119.    Defendant denies the allegations of paragraph 119 of the Amended Complaint.

7        120.    Defendant denies the allegations of paragraph 120 of the Amended Complaint.

8        121.    Defendant denies the allegations of paragraph 121 of the Amended Complaint.

9        122.    Defendant denies the allegations of paragraph 122 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiffs' Amended Complaint and each claim alleged therein, this answering Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each and every one of the purported causes of action or claims for relief set forth therein, may fail to state facts sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and each and every one of the purported causes of action or claims for relief set forth therein may be barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Complaint and each and every one of the purported causes of action or claims for relief set forth therein are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint and each and every one of the purported causes of action or claims for relief set forth therein are barred in whole or in part by application of the doctrine of waiver due, for example, to Plaintiffs' knowledge, acts and omissions, namely that Plaintiffs acquiesced, unduly delayed and generally failed to act on her own behalf to protect her alleged rights.

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-11-

1

**FIFTH AFFIRMATIVE DEFENSE**

2   The Complaint and each and every one of the purported causes of action or claims for

3   relief set forth therein are barred in whole or in part by application of the doctrine of

4   acquiescence, in that Plaintiffs have acquiesced implicitly or explicitly to those purported acts of

5   which they now complain.

6

**SIXTH AFFIRMATIVE DEFENSE**

7   Plaintiffs have failed to mitigate their damages and thus are barred from recovering such

8   damages.

9

**SEVENTH AFFIRMATIVE DEFENSE**

10   Plaintiffs did not suffer any damages as a result of any actions or inaction allegedly taken

11   by this answering Defendant or its agents, and Plaintiffs are thus barred from asserting any cause

12   of action against this answering Defendant.

13

**EIGHTH AFFIRMATIVE DEFENSE**

14   This answering Defendant alleges that it owed no duty whatsoever to the Plaintiffs.

15

**NINTH AFFIRMATIVE DEFENSE**

16   This answering Defendant's conduct with respect to the Plaintiffs was at all times

17   reasonable, in complete good faith, based upon good cause, and motivated solely by legitimate

18   business considerations.

19

**TENTH AFFIRMATIVE DEFENSE**

20   This answering Defendant alleges that any and all acts alleged to have been committed by

21   Defendant were performed with lack of knowledge and lack of willful intent.

22

**ELEVENTH AFFIRMATIVE DEFENSE**

23   This answering Defendant alleges that it was justified and privileged in all of the actions

24   it took and, thus, Plaintiffs' Complaint fails to state a cause of action upon which relief may be

25   granted.

26

**TWELFTH AFFIRMATIVE DEFENSE**

27   If Plaintiffs have suffered or will suffer any damages, those damages are the result of

28   their own conduct, and not the result of any conduct by this answering Defendant.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-12-

COMPASS VISION'S ANSWER TO COMPLAINT                    CASE NO. CV 07-05642 BZ

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1

### THIRTEENTH AFFIRMATIVE DEFENSE

2  This answering Defendant alleges that Plaintiffs' claims against it are or may be barred to

3 the extent that any loss, injury, damages or detriment allegedly suffered by Plaintiffs were

4 caused, contributed to or resulted from, either wholly or partially, the conduct, acts, omissions,

5 activities, breach, carelessness, recklessness or negligence of others, including, but not limited to

6 Plaintiffs, other defendants or third parties.

7

### FOURTEENTH AFFIRMATIVE DEFENSE

8  Plaintiffs' alleged damages, if any, are speculative and not reasonably ascertainable.

9

### FIFTEENTH AFFIRMATIVE DEFENSE

10  Plaintiffs' causes of action are barred, in whole or in part, to the extent that they have

11 failed to exhaust their administrative remedies as required by law.

12

### SIXTEENTH AFFIRMATIVE DEFENSE

13  Plaintiffs have failed to join as defendants all necessary parties.

14

### SEVENTEENTH AFFIRMATIVE DEFENSE

15  Intervening acts or omissions of other persons and/or entities may have constituted an

16 intervening, superseding cause of the injuries and/or damages allegedly sustained by Plaintiffs.

17  **WHEREFORE,** this answering Defendant prays for judgment in its favor as follows:

18  1.  That Plaintiffs takes nothing by reason of their Complaint;

19  2.  For Defendant's attorney's fees;

20  3.  For defendant's cost of suit herein; and

21  4.  For such other and further relief as this Court deems just and proper.

22

23 Dated:  June 30, 2008      GORDON & REES LLP

24

25         /s/ Catherine A. Salah

By: _____

26         CATHERINE A. SALAH
         Attorneys for Defendant

27         COMPASS VISION, INC.

28